No. 28,595.

THE CITY OF WICHITA, *Appellant,* v. THE WICHITA UNION TERMINAL RAILWAY COMPANY, *Appellee.*

(275 Pac. 171.)

Opinion filed March 9, 1929.

*A. V. Roberts, Vincent F. Hiebsch, Charles A. Springer* and *Roger P. Almond,* all of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey* and *W. F. Lilleston,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a proceeding in mandamus to compel defendant to comply with the terms of a city ordinance requiring it to con-

struct a subway under its elevated tracks at Waterman street. The trial court sustained a demurrer to plaintiff's evidence, and it has appealed.

Douglas avenue in the city of Wichita is the principal east-and-west street of the city. In 1911, and for some time prior thereto, the tracks of four railroads—the Santa Fe, Frisco, Rock Island and Orient—traversed the city from north to south. These railroad tracks crossed Douglas avenue and other east-and-west streets of the city at grade. In 1911 the city enacted an ordinance, No. 4066, providing for the elevation of the through tracks of these railroads from Central avenue, the fourth street north of Douglas, to Gilbert street, the seventh street south of Douglas, counting the blocks as platted to the east of the railroad property. The grade of these two streets was to be raised and the grade crossings between them were to be eliminated. Subways were to be constructed under the elevated tracks at Douglas avenue and at the first and at the second streets north of Douglas, and a viaduct was to be built over the tracks at Kellogg avenue, the fourth street south of Douglas. To make it possible for the improvements contemplated by the ordinance to be made, portions of certain streets were vacated, among which was Waterman street, two blocks south of Douglas, for a short distance west of the Santa Fe right of way and Division street, now Waterman street, for a short distance east of such right of way. The ordinance contained many other provisions not necessary to be mentioned here. It was made directing the Santa Fe Railway Company to perform the work designated by the ordinance, which company appears to have acted for and on behalf of the four interested railroads. To carry out the provisions of the ordinance and make the improvements contemplated the four railroads above mentioned organized the defendant, The Wichita Union Terminal Railway Company. A union passenger station was built just south of Douglas avenue. The railroad companies abandoned their grade crossings on Douglas avenue. The Santa Fe constructed a freight depot south of Douglas and west of the elevated track, which was serviced by several freight and switching tracks from the south, the other three railroads having their freight depots east of the elevated track and south of Douglas, and these were serviced by a number of freight and switching tracks from the south.

By ordinances enacted in 1914 and 1915 the city undertook to re-

open those portions of Waterman street which had been vacated by ordinance No. 4066.

In 1926 the city enacted an ordinance, No. 9286, which declared it to be necessary for the convenience, safety and protection of the public that a subway and tunnel be constructed and a pedestrian and vehicular traffic way be opened through the elevated tracks of defendant at Waterman street, and directed and required the same to be constructed at the expense of defendant. The defendant declined to construct such subway, and this proceeding was brought.

There was evidence that since the elevated tracks, subways and viaducts were built the population of the city of Wichita has about doubled. The vehicular traffic on Douglas avenue is heavy, especially through the subway and west to St. Francis street, the first north and south street west of the subway, and at times is congested, a part of which congestion is due to the fact that automobiles are permitted to be parked on Douglas between the subway and St. Francis street; that in hauling freight from the depots east of the elevated tracks to wholesale houses on St. Francis street south of Douglas it would be a convenience to have a subway on Waterman street. Plaintiff did not specifically allege that there had ever been a street across the right of way of the defendant. Its engineer testified:

"Waterman street as it is now opened begins at the right of way fence on the east side of the terminal railway company's property and extends east to the canal. On the west, the street commences at the Arkansas river and extends east to the elevation for the tracks."

There was no evidence on behalf of plaintiff that the street ever extended across the railroad right of way. Because of that fact the trial court took the view that the city could not by ordinance compel defendant to open up a street through its right of way and to construct a subway through its elevated track at that point at great expense to itself and without compensation. In this view we concur. Cities are given authority to condemn private property for public use (R. S. 13-404), and the procedure for doing so, as applied to opening streets, is also provided by statute. (R. S. 26-201.) In doing this, damages incident thereto must be paid. (*City of Osceola v. Chicago, B. & Q. R. Co.,* 196 Fed. 777.) See, also, *Atchison, T. & S. F. Ry. Co. v. City of Shawnee,* 183 Fed. 85; *M. K. & T. Ry. v. Oklahoma,* 271 U. S. 303. Plaintiff relies on the authority conferred

upon cities by R. S. 12-1633 and 13-1903, but a reading of these sections discloses that they apply only when the railroad is upon or across a public street. Here the railroad had built its improvements on its own right of way and not upon or across any city street.

After the demurrer to the evidence was sustained the plaintiff filed a motion for a new trial, and in support of it an affidavit was filed by one of its counsel, in substance, that after the trial certain old residents of Wichita had advised counsel that there had been traffic across the right of way of the defendant at Waterman street from 1884 down to 1896 or 1897. An order sustaining a demurrer to evidence is a ruling on a question of law. It is an appealable order, and it has been said that a motion for a new trial is neither necessary nor proper. (*Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041.) There may be a purpose for such a motion if plaintiff desires to offer, in the manner required by statute (R. S. 60-3004), evidence which had been excluded by the court at the trial. The motion in this case was not for that purpose. More than that, the city should know where its own streets are located. The question whether the city had a street across defendant's right of way was so elemental and so necessary to establish plaintiff's case that evidence to establish that fact should have been presented at the trial. Hence there was a lack of diligence. And, lastly, the facts stated in the affidavit, if uncontroverted, are insufficient to establish that such a street existed. (*Oliphant v. Comm'rs of Atchison Co.,* 18 Kan. 386.) There was no error in the ruling on this motion.

Many other objections, some of which seem to be well founded, are pressed against the ordinance and the procedure taken by the city, but we regard the point above mentioned as being so elemental and so controlling that it is not necessary to discuss others.

The judgment of the court below is affirmed.