No. 29,810.

BEN DARBE, *Appellee,* v. THE CRYSTAL ICE & FUEL COMPANY, *Appellant.*

(296 Pac. 705.)

Opinion filed March 7, 1931.

*W. E. Zeigler, Carl E. Zeigler,* both of Coffeyville, *Thomas E. Wagstaff* and *Jay W. Scovel,* both of Independence, for the appellant.

*Ben W. Berg, Joe Moss,* both of Independence, and *Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries to plaintiff caused by defendant's negligence. Plaintiff prevailed, and defendant appeals.

This is a second appeal. The general nature of the controversy is sufficiently disclosed in the former opinion (*Darbe v. Crystal Ice & Fuel Co.,* 129 Kan. 727, 284 Pac. 596). At the first trial, two grounds of negligence were relied on, defective ice tongs, and failure of defendant to warn plaintiff of the danger attending the handling with tongs of ice of a certain kind which plaintiff was delivering when he was injured. The first ground was eliminated by the former opinion. There was sufficient evidence at the first trial to

warrant submission of the case to the jury on the second ground, but the matter of defective tongs was so interwoven with it that the court deemed it necessary there should be a second trial.

At the second trial, the evidence regarding the limited issue differed from the evidence at the first trial in detail only. Defendant's demurrer to the evidence was properly overruled, and the case was submitted to the jury under fair and adequate instructions.

The jury returned the following findings of fact:

"1. Do you find from the evidence that plaintiff fell off the ice box at the Uhrich planing mill? A. Yes.

"2. Do you find plaintiff climbed upon the rim of the ice box at Uhrich planing mill to lower ice in the box without any instructions so to do from the defendant? A. Yes.

"3. Do you find that the defendant knew or had any knowledge plaintiff had lowered the ice into the box by standing upon the rim of the ice box at the Uhrich planing mill? A. No.

"4. Do you find from the evidence that plaintiff could have avoided injury to himself by not climbing upon the rim of the ice box at the Uhrich planing mill? A. No.

"5. Do you find that the proximate cause of the injuries, if any, that plaintiff received, was on account of his falling off the ice box at the Uhrich planing mill? A. Yes.

"6. Do you find from the evidence that new ice will crack, break and crumble while being handled by use of ice tongs? A. Yes.

"7. Do you find from the evidence that so-called left-over ice will break, crack, and crumble, while being handled by use of ice tongs? A. Yes.

"8. Do you find plaintiff had delivered ice for ten days before the time when he fell off the ice box at the Uhrich planing mill? A. Yes.

"9. Do you find plaintiff knew that both left-over ice, as well as fresh ice, was liable to crack, break and crumble before he fell off the ice box at Uhrich's planing mill? A. No.

"10. Do you find from the testimony that the injury received by Ben Darbe was a result of an accident as defined to you by the court? A. No.

"11. Do you find that plaintiff was injured while handling left-over ice? A. Yes.

"12. If you find that plaintiff was injured in handling left-over ice, with tongs, do you find that left-over ice is more dangerous to handle than new ice when being handled with tongs? A. Yes.

"13. If you answer the above question 'yes,' do you find that the plaintiff knew or realized the danger, if any, of handling left-over ice with tongs? A. No.

"14. If you answer question No. 12 'yes,' do you find that the plaintiff was warned by the defendant of the danger of handling left-over ice? A. No."

A motion was made to strike out the answer to question No. 4. The testimony relating to plaintiff's climbing on the ice box was that

defendant instructed delivery men to be careful of refrigerators and ice boxes of customers, and not to break or do any damage to an ice box; and plaintiff testified as follows:

"I took the position upon this ice box to put the ice in it because that is the only way I could get it in the box, because the box was too high. After I set the ice up there, the ice being twenty-two inches higher than the box, and put your tongs in the top of it, I could not reach the top of it. I could have put the ice on the box, and then pushed it and let it fall in, I suppose. I didn't use that method because it would have broke the box."

Plaintiff, who was five feet and five and one-half inches tall, demonstrated to the jury the need for him to get on top of the ice box in order to lower 100-pound cakes of ice into the box without injuring the box. The court instructed the jury on the subject of doing work in an unsafe way when a safer way was practicable, and the answer to the special question evidently expressed the jury's view on that subject.

Defendant moved to strike out the answer to question No. 9. There was evidence that before plaintiff fell he did not know that left-over ice would crumble and release the hold of his tongs.

Defendant contends the answer to question No. 5 excludes the pleaded negligence of defendant as the cause of injury.

Of course, falling off the ice box was, in a sense, the "proximate" cause of the injury. Falling off the ice box was the event immediately antecedent to plaintiff's back striking an iron pipe, which was what hurt him. Doubtless an affirmative answer would have been returned if the jury had been asked whether plaintiff's back striking the iron pipe was the proximate cause of his injury. If such a finding had been made, it would not have been conclusive against the general verdict, which necessarily determined that defendant's negligence was the cause of the injury, in a legal sense.

The entire sequence of events was this: Defendant's negligence, which induced plaintiff, without fault on his part, to handle left-over ice in a dangerous way, that is, by climbing on the ice box; the crumbling of the ice; the fall; the striking on the iron pipe; and the injury. So the injury was directly and justly traceable to defendant's negligence, and defendant's negligence was in fact and in law the cause of the injury. The jury were instructed on the subject of cause intervening between defendant's negligence and the injury, sufficient of itself, without relation to defendant's negligence, to produce the harmful result. The general verdict necessarily

found there was no such intervening cause, and it is clear that, although the jury found the fall was the proximate cause, the jury did not find the fall was a superseding cause.

Defendant's motion for judgment in its favor on the special findings, and defendant's motion for a new trial, were properly denied.

The judgment of the district court is affirmed.