No. 34,004

MILDRED TORPEY, *Appellant*, v. THE KANSAS CITY PUBLIC SERVICE COMPANY, *Appellee* and *Cross-appellant*.

(89 P. 2d 899)

736

Opinion filed May 6, 1939.

*David F. Carson* and *W. B. Fogarty,* both of Kansas City, for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany, Thomas M. Van Cleave, Jr.,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for personal injuries which plaintiff claims to have received while alighting from one of defendant's streetcars. The jury returned a verdict in plaintiff's favor and answered special questions. Defendant filed a motion for judgment on the special findings and a motion for a new trial. The motion for judgment on the special findings was sustained, and thereafter the motion for a new trial was overruled. From the judgment on the special findings the plaintiff appeals. Defendant filed a cross-appeal on the order overruling the motion for a new trial.

The car from which the plaintiff fell operates on a short feeder line of the defendant company, running a distance of about ten blocks. There is only one car on the line. It is known as a "double end" car, each end having the necessary mechanisms and controls for moving the car and the collection of fares from passengers. It does not turn around at the end of the line. On it there are two doors, one at each end, and on opposite sides of the car. However, only the one on the right-hand of the operator is used; that is, when the car is southbound the door available is on the right-hand of the south end, and when it is northbound the door used is on the right-hand of the north end. The floor of the car is made of one-inch, flat oak boards. At each of the two entrances there is a tread plate three inches wide extending across the door opening. It is corrugated, the corrugations consisting of alternate ridges and grooves lengthwise with the plate, each approximately one-third of an inch wide. The floor of the car is approximately thirty inches from the pavement. At each entrance there is a folding step nine inches wide, made of one-inch oak lumber. It is 14½ inches from the ground and 14½ inches from the floor of the car, and folds up against the side of the

car when the door is closed, and drops down to a horizontal position when the door is opened.

At 7:30 o'clock, a. m., on the date of the accident, plaintiff boarded the car on this feeder line; the accident occurred as she was alighting from the car. The negligence charged in the amended petition is as follows:

". . . That while plaintiff was in the act of alighting from said car at 13th and Central avenue as aforesaid by way of the front exit therefrom she was thrown violently to the ground and suffered injuries hereinafter set out as a direct and proximate result of the negligence of the defendant, its agent, servants and employees at said time and place, in this, to wit: that said defendant had carelessly and negligently caused and permitted the step, which is the same as the platform and the treadle on the edge of the step, which is a continuation of the platform at the entrance to the car, on said car to be worn, old and out of repair, that defendant had placed upon said step an iron flange and had carelessly and negligently caused and permitted and suffered the same to become loose from said step and extend upward so that as plaintiff stepped down upon the same and while she was in the act of alighting therefrom, her heel caught upon the protruding iron flange and threw her violently to the pavement, injuring her as follows, to wit: . . ."

The case turns on the special findings of the jury, as follows:

"4. At the time and place plaintiff fell, state whether (a) a defect existed on the floor of defendant's streetcar; or (b) a defect existed on the step of defendant's streetcar. A. (a) Yes; (b) referring to top step or platform (yes); referring to folding step (no).

"5. If you answer either (a) or (b) in the foregoing question in the affirmative, state what said defect consisted of and describe it. A. It was a crack between the metal tread and the wooden floor."

The main contention of defendants is that the negligence charged in the petition as the proximate cause of appellant's injury was a protruding iron flange on the step, while the jury found that the cause of the plaintiff's fall was a crack between the metal tread and the wood on the floor of the streetcar.

Defendant argues that in answer to question 4 the jury found that a defect existed on the floor of defendant's streetcar, whereas the negligence pleaded was that defendant had permitted the step and the treadle on the edge of the step to be worn, old and out of repair, and that defendant had placed upon the step an iron flange and had negligently permitted it to become loose and extend upward, so that the plaintiff, in the act of alighting from the car, caught her heel on the protruding iron flange, throwing her to the ground and causing the injury complained of.

Starting with the assumption that the only negligence charged was a defect in the folding step of the car, defendant contends that under the special findings plaintiff is not entitled to recover. Defendant relies on the rule firmly established in this state that where the jury specifies negligence in its findings, all other negligence is excluded as a basis for the verdict. (*Roberts v. Railway Co.*, 98 Kan. 705, 161 Pac. 590; *Morlan v. Atchison, T. & S. F. Rly. Co.*, 118 Kan. 713, 236 Pac. 821.)

Defendant further contends that where the jury finds that the defendant is not guilty of any of the acts of negligence charged in the petition, the defendant is entitled to judgment on the answers to the special questions. (*Bass v. St. Louis-S. F. Rly. Co.*, 143 Kan. 740, 57 P. 2d 467; *Case v. Yoakum*, 99 Kan. 253, 161 Pac. 642.)

But are these rules applicable to the record before us?

We are unable to agree with the assumption of defendant that the charge of negligence related to the folding step as distinguished from the platform or floor of the car. The petition alleged that the defendant "had carelessly and negligently caused and permitted the step, which is the same as the platform, and the treadle on the edge of the step, which is a continuation of the platform at the entrance to the car, to be worn, old and out of repair." The pleader expressly alleges the step as the same as the platform—that it is a continuation of the platform. It is also clear that in the petition the terms "treadle" and "iron flange" are used interchangeably, and refer to the same thing.

The motorman on the car testified that there was a metal tread at the edge of the door—that it was about three inches wide. He further stated the car was about twenty years old and had been operated on several lines in the city.

Mildred Torpey, the plaintiff, testified that as she started to get off the car at the end of the line "her heel caught in the worn wooden flooring by the treadle and threw her forward out of the car."

She further testified:

"Q. Now, when you got your heel caught on that treadle or step, as you said there, what happened to you? A. My foot just stuck there."

"Q. Where was this place that your foot caught on the car? What part of the car was it? A. Well, the floor on those little cars is level. You don't step down like in the vestibule, like in the large cars. The floor comes right out even, and at the end of the—right at the doorway is an iron treadle about that wide (indicating), and has ridges in it. The treadle goes across

here (indicating) and the floor had worn away, and that is where my heel tripped me."

. . . . . . . . . . . .

"Q. Was it on the same level, that place where the motorman stood and this place that had the treadle on that caught your heel, was that on the same level with the place where the motorman stood? A. That is the place where they open the door, and right across there is an iron treadle.

"Q. That would not have anything to do with the back of the car, would it? A. I don't know. I just walked straight back.

"Q. Well, all right, at the place where you open the door. A. Well, they open the door and there is a treadle right across the car.

"Q. That is where the treadle was that caught your heel? A. Yes, sir.

"Q. Was that on the same level that the place was where the motorman stood to operate the car? A. I think it was.

"Q. You think it was? A. Yes, that was on the same level where the motorman is."

The witness stated, "Where I caught my heel is right on the wood, next to the plate. My heel cap caught where this extended down, my heel cap caught when I pulled it away from the tread. . . . Well, the tread naturally extended out a little bit, for the flooring was worn away, and right there next to the tread is where my heel cap got stuck, and I went over and pulled it out there."

From the record it is clear that the terms tread, treadle, iron flange and metal strip were used interchangeably to designate a strip of iron about three inches wide on the floor of the car or top step. The top step was also described as a continuation of the platform.

It is contended in answer to question 5 the jury found that the defect which was the proximate cause of the injury was a crack between the metal tread and the wooden floor and that such defect was not pleaded. This view fails to take into consideration the allegation that defendant had negligently permitted the step (the floor or platform) to be worn, old and out of repair, and had permitted the iron flange (the strip of iron on the top step) to become loose and extend upwards. If the flooring was worn away next to the iron strip, as testified to by plaintiff, the answer of the jury that such depression or worn place was a "crack between the metal tread and the wooden floor" would seem to be a fair description of the defect. The plaintiff testified "right there next to the tread is where my heel cap got stuck."

In the light of this testimony the answers of the jury to questions 4 and 5 are clear.

In *Osburn v. Railway Co.,* 75 Kan. 746, 90 Pac. 289, it was held:

"It is error for a court to set aside a general verdict and enter judgment on the special findings, unless the special findings compel such action. Where it is possible to harmonize the special findings with the general verdict the latter is controlling."

In our recent case of *Witt v. Roper,* 149 Kan. 184, 86 P. 2d 549, it was stated that a general verdict must stand where answers to special questions are consistent with each other and with the general verdict or can be reconciled with it.

From the record in this case we are clear that the negligence specified by the jury in its findings was charged in the petition; that such findings are consistent with each other and with the general verdict. It follows that the trial court erred in sustaining the motion for judgment on the special findings.

As stated above, the defendant filed a cross-appeal from the order overruling the motion for a new trial. It seems that after the court had sustained the motion for judgment on the special findings, the court then made an order overruling defendant's motion for a new trial. Defendant wishes to prosecute its cross-appeal only if the order of the trial court rendering judgment in its favor on the special findings is reversed. Defendant contends that the judgment on the special findings finally determined the action, and that there was nothing before the court for consideration at the time the order overruling the motion for a new trial was entered. We think the contention is correct.

It is evident from the record that the verdict was not approved by the trial court. The settled rule is that if the trial court does not approve the verdict, it should grant a new trial. (*Ward v. Grant,* 138 Kan. 363, 26 P. 2d 279; *Tritle v. Phillips Petroleum Co.,* 140 Kan. 671, 37 P. 2d 996.)

The judgment of the court in setting aside the verdict and entering judgment for defendant on the special findings is reversed, and the cause remanded with instructions, if the court is satisfied the evidence is sufficient to sustain the verdict, to enter judgment for plaintiff on the verdict; otherwise the court is directed to grant a new trial.