No. 34,733

MARLIN BROWN, *Appellant*, v. BRUCE CLARK, *Appellee*.

(103 P. 2d 907)

Opinion filed July 6, 1940.

Bert W. Strnad, of Council Grove, Arthur L. Claussen, Richard B. McEntire, A. Harry Crane and Ward Martin, all of Topeka, for the appellant.

C. E. Carroll, A. E. Carroll, both of Alma, George S. Allen, Otis S. Allen, both of Topeka, Guy M. Cowgill and H. C. Popham, both of Kansas City, Mo., for the appellee..

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained in an automobile casualty. The trial court sustained defendant's demurrer to plaintiff's evidence. Plaintiff filed a motion for a new trial, supported by affidavits. This was overruled. Plaintiff has appealed from both rulings.

Plaintiff's evidence tended to show the following: Plaintiff was a senior student in the Kansas State College at Manhattan. On Saturday, November 14, 1936, there was a largely attended football game at the college. Plaintiff's home was at Council Grove, forty-two miles south of Manhattan, where his parents lived. He was invited by an acquaintance, Conrad Bergman, also a student at Kansas State College, and who was driving through Council Grove to Emporia that evening, to ride as far as Council Grove. He accepted the invitation, planning to spend the week end with his parents. They left Manhattan about five o'clock. Bergman was driving a 1932 Auburn sedan. Its cruising speed was forty-five to fifty miles per hour. Plaintiff was riding on the left side in the rear seat. There were four other college students in the car, one to spend the week end with plaintiff, the others going with Bergman to Emporia. The route traveled was state highway No. 13, graded and improved with a graveled surface. It is a winding road to Alta Vista, about twenty-five miles. The car was not working very well and they were about an hour driving it. At Alta Vista they stopped at a garage, perhaps ten minutes, for some minor repairs or adjustments. After leaving Alta Vista Bergman drove about fifty miles per hour. It was a good, graveled, straight road, somewhat dusty. His lights were on. When about halfway from Alta Vista to Council Grove he noticed, all at once, a short distance ahead of his car what proved to be a split walnut post about six feet long, with a knot on one end, lying lengthwise about the middle of his traveled portion of the highway. He thought he could strad-

dle this post, and attempted to do so. It caught on the under part of his car, caused it to be wrecked, and plaintiff was seriously injured.

The afternoon of that day the defendant Clark attended a community sale at a sales pavilion in Council Grove. There he bought a quantity of posts. Some of them were split black walnut posts. He loaded these into a half-ton Ford pick-up truck which he owned. He placed some of them lengthwise in the bed of the truck, with the ends of the posts sticking out over the rear endgate, and loaded the remainder of them loosely across the bed of the truck without tying them down so as to hold them from slipping. He left Council Grove about sundown and drove north on state highway No. 13 to his home, in or near Alta Vista. There is testimony that as he drove across the railroad track a mile and a half north of Council Grove the posts on top were jostling about and slipping. About four miles north of Council Grove he passed a car being driven about twenty-five miles per hour and pulling an empty four-wheel trailer, and in doing so cut in ahead of the driver of the car so closely that they very nearly collided. Those in the car saw that the top posts were jostling and slipping slightly to the left side. At some other place along the road the graveled highway was "washboardy" and there the posts were seen to jostle and move and slide. At a place three miles north of the place of the casualty on state highway No. 13, near a corner, two posts were seen in the highway. One of these was a split black walnut post.

In plaintiff's petition defendant was charged with negligence in loading the posts in the manner in which he did, in not tying or fastening them so they would not slip off, in driving fast over the rough places in the road so the posts naturally would jostle and slip, in failing to see that the posts were slipping, in driving with the posts insecure on his load, and in so negligently driving and failing to give attention to his load as to permit one of the posts to fall in the traveled portion of the highway. The nearest to the place of the casualty any witness who testified saw defendant that evening was about four miles south. In sustaining the demurrer to the evidence we are told the trial court remarked there was no evidence defendant passed along the highway at this particular place. This overlooks a part of the opening statement of defendant's counsel in which it was said, "that Mr. Clark did buy a certain number of posts, and that he

did take these posts home that day, over highway No. 13." This, of course, took him directly by the place of the casualty.

In support of the judgment .of the trial court appellee stresses the doctrine that in an action of this character plaintiff cannot recover upon mere conjecture or speculation as to defendant's negligence, citing *Railroad Co. v. Aderhold,* 58 Kan. 293, 49 Pac. 83; *Hart v. Railroad Co.,* 80 Kan. 699, 102 Pac. 1101; *Rodgers v. Railway Co.,* 97 Kan. 318, 154 Pac. 1027; *Beeler v. Railway Co.,* 107 Kan. 522, 192 Pac. 741; *Helm v. Railway Co.,* 109 Kan. 48, 196 Pac. 426; *Whiteker v. Wichita Rld. & Light Co.,* 125 Kan. 683, 265 Pac. 1103, and particularly quotes from and stresses the application of *Hendren v. Snyder,* 143 Kan. 34, 53 P. 2d 472. But in that case there was a total absence of evidence of defendant's negligence. This cannot be said here. In this case there is reasonable ground for fair-minded men to conclude that the post which wrecked the car in which plaintiff was riding fell from defendant's truck, loaded and driven by him in the manner charged to have been negligent.

It is conceded in the briefs that negligence may be proved by circumstantial evidence. While such evidence should be reasonably clear and convincing to the triers of fact, it is not required that it exclude any other possible hypothesis. In a civil action plaintiff is not required to prove his case beyond a reasonable doubt, as in a criminal action. While he has the burden of proof of the negligence of defendant, the evidence must be substantial and meet the requirements of establishing negligence by the preponderance of the evidence. (See *Lane v. Insurance Co.,* 113 Kan. 365, 214 Pac. 92; *Leinbach v. Pickwick Greyhound Lines,* 135 Kan. 40, 47-48, 10 P. 2d 33; *Asche v. Matthews,* 136 Kan. 740, 18 P. 2d 177; *Sheftel v. Kansas City Public Service Co.,* 137 Kan. 79, 19 P. 2d 434.)

We need not dwell upon the appellant's contention that the court erred in overruling his motion for a new trial. Normally, a demurrer to the evidence raises only a question of law, and a motion for a new trial is not necessary to enable plaintiff to appeal from the order sustaining the demurrer to the evidence. (See *City of Wichita v. Wichita Union Terminal Rly. Co.,* 127 Kan. 855, 858, 275 Pac. 171.) Even where a demurrer is sustained to the evidence there are circumstances in which plaintiff should file a motion for a new trial. For example, if one of the points plaintiff desires to raise on appeal is that the trial court erred in excluding evidence offered, the motion

for a new trial must be filed and the excluded evidence offered on the hearing of such motion. (G. S. 1935, 60-3004.) The same statute appears to apply to newly discovered evidence. At least such a motion is addressed to the sound discretion of the court. The evidence offered on the hearing of this motion for a new trial placed defendant more nearly at the scene of the casualty shortly before it occurred. Appellee argues it was cumulative. We think not, particularly if the court held the view that the evidence did not place defendant nearer than four miles to the scene of the casualty. It would not have been erroneous to have granted a new trial. However, as we view the record, the evidence produced at the trial, but scantily outlined above, was sufficient to take the case to the jury.

The result is the judgment of the court below must be reversed with directions to grant a new trial. It is so ordered.