No. 39,252

Minnie P. Eldridge, *Appellee*, v. Kansas City Public Service Company, *Appellant*.

(267 P. 2d 923)

Opinion filed March 6, 1954.

*E. M. Boddington, Jr.,* of Kansas City, argued the cause and *Edward M. Boddington,* of Kansas City, and *Charles L. Carr,* of Kansas City, Missouri, were with him on the briefs for the appellant.

*Thomas E. Joyce,* of Kansas City, argued the cause and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, Norma Braly,* and *Mary Jane Joyce,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith J.: This was an action for damages alleged to have been sustained when the door of a bus from which plaintiff was alighting, having been a passenger thereon, was shut on her left foot while it was in the doorway of the bus and her right foot on the ground, and the bus was started up throwing her to the ground. Judgment was for plaintiff. Defendant has appealed.

After the formal allegations, the petition alleged that plaintiff was a passenger on the bus and as she was alighting from it, and was stepping to the ground with her right foot on the ground, and her left foot on the bus, the door through which she was alighting, through negligence of defendant, suddenly and without warning closed on her left foot and the bus started forward, throwing her with great force to the ground and dragging her five to ten feet.

The petition set out six specific acts of negligence: in closing the rear door of the bus before plaintiff had completely passed through it while alighting from it; the next two were a different way of stating the above; in starting the bus forward while plaintiff

was alighting therefrom and when the rear door of the bus was closed upon and held her left foot; in not ascertaining that plaintiff had alighted before starting; that defendant by its operator saw, or by the exercise of ordinary care, could and should have seen plaintiff alighting from the bus at the time the rear door closed upon her left foot and the bus started forward.

Damages were prayed for in the amount of $3,000.

The answer was a general denial. The jury returned a general verdict in favor of plaintiff in the amount of $1,600. Special questions were answered as follows:

"1. Do you find that the plaintiff received any injuries at the time she got off the bus? A. Yes.

"2. If you answer the foregoing questions in the affirmative, state particularly what such injuries were. A. Injuries to right shoulder and right knee.

"3. Do you find that the plaintiff has any injuries at this time that resulted from the accident when she got off the bus? A. Yes.

"4. If you answer question number 3 in the affirmative, state particularly what such injuries are. A. Limitation movement of right shoulder caused by injury to that shoulder.

"5. Does the plaintiff have any permanent injuries resulting from the accident? A. Yes.

"6. If you answer question number 5 in the affirmative, state specifically what such injuries are. A. Limitation movement of right shoulder.

"7. Do you find that the defendant was guilty of any negligence that was the direct cause of any injuries to the plaintiff? A. Yes.

"8. If you answer question number 7 in the affirmative, state specifically what such negligence was. A. In closing rear door of the bus before plaintiff had both feet on ground."

Defendant moved for judgment in its favor notwithstanding the general verdict on the answers to questions 7 and 8 on the ground that a finding of one of the specific acts of negligence pleaded was a finding against all other grounds. The motion stated that one ground of negligence alleged was shutting the door on plaintiff's left foot and negligently starting the bus and dragging her; that this was a separate ground in the petition and the jury by finding defendant guilty of one specific act of negligence, without finding the other, actually found against plaintiff on the claim that the bus was negligently started and dragged plaintiff. The motion also pointed out that the court instructed the jury the only way the plaintiff could recover would be by the negligence of the defendant in both closing the door and starting the bus up and dragging plaintiff.

Defendant also filed a motion for a new trial on some eleven

grounds, which in view of the argument made in this court, need not be set out here.

Plaintiff filed a motion for a new trial on the ground the verdict was inadequate.

The motion of the plaintiff for a new trial was withdrawn, and the motions of the defendant for judgment on the answers to special questions and for a new trial were overruled. Judgment was entered in accordance with the general verdict.

Defendant appealed from the order overruling the motion of defendant for judgment in its favor on the answers to special questions and from the judgment in favor of plaintiff.

The specifications of error are that the trial court erred in overruling its motion for judgment in its favor on the answers to questions 7 and 8 and in entering judgment in favor of plaintiff.

Defendant points out the trial court instructed the jury the plaintiff must prove by a preponderance of the evidence that she was a passenger on the bus; that the rear door of it closed upon her left foot while she was in the act of alighting; that the driver started the bus forward under those circumstances causing plaintiff to be dragged along the ground for a distance; that the defendant through its agent was guilty of some act of negligence which caused plaintiff's left foot to be caught in the door and caused her to be dragged along and that plaintiff was injured as a direct result of the negligence of the defendant.

Defendant then points out the jury found in answer to question 7 defendant was guilty of negligence that was the direct cause of injuries to plaintiff and in answer to question 8 such negligence to be closing the rear door of bus before plaintiff had both feet on the ground.

Defendant argues the case was tried on the theory there were two necessary elements to recovery, that is, the plaintiff's foot being caught in the door and she being dragged some distance. It argues that since the jury found in answer to question 8 the negligence of defendant was closing the rear door of the bus before plaintiff had both feet on the ground such answer excluded the other necessary element, that the bus was started up, causing the plaintiff to be dragged—hence its motion for judgment on these answers should have been sustained.

This is too strict a construction of the answers. The jury was asked by the two questions what was the "direct" cause of the

injury. No definition of the word "direct" as used in this question was included in the instructions. The jury was composed, no doubt, of men and women not trained in the niceties of the use of words, as are lawyers and judges. Its members would be warranted in thinking or finding that the "direct" cause under all these surrounding facts and circumstances was the event out of the ordinary or usual or not to be expected that caused the injury. Using this definition, such an event was closing the door of the bus and catching plaintiff's foot. The jury when asked questions 7 and 8 could very well have added in answer to question 8 the words "starting bus while plaintiff's foot was caught." The question asked, however, was what was the "direct" cause. The jury was warranted in answering that question as it did under all the surrounding facts and circumstances. Special questions are not to be used for the purpose of entrapping an unwary jury nor is a jury held to the strict definition and application of terms, words and phrases, to which a skilled, specially trained group of experts would be held.

In *Darbe v. Crystal Ice & Fuel Co.*, 132 Kan. 640, 296 Pac. 705, the negligence relied on was the single ground, failure to warn plaintiff of the danger attending the handling with tongs of ice of a certain kind. In answer to a direct question, the jury found that the proximate cause of the injuries, if any, that the plaintiff received was falling off the ice box. The defendant contended on appeal that such an answer excluded the pleaded negligence of defendant as a cause of the injury. We did not agree with this contention and said:

"Of course, falling off the ice box was, in a sense, the 'proximate' cause of the injury. Falling off the ice box was the event immediately antecedent to plaintiff's back striking an iron pipe, which was what hurt him. Doubtless an affirmative answer would have been returned if the jury had been asked whether plaintiff's back striking the iron pipe was the proximate cause of his injury. If such a finding had been made, it would not have been conclusive against the general verdict, which necessarily determined that defendant's negligence was the cause of the injury, in a legal sense."

See, also, *Torpey v. Kansas City Public Ser. Co.*, 149 Kan. 735, 89 P. 2d 899.

The judgment of the trial court is affirmed.