No. 39,218

HAL HUTCHENS, *Appellee,* v. FRANCIS D. McCLURE, *Appellant.*

(269 P. 2d 473)

Opinion filed April 10, 1954.

*Philip H. Lewis,* of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson, James W. Porter* and *Charles S. Fisher, Jr.,* all of Topeka, and *Charles S. Arthur,* of Manhattan, were with him on the briefs for the appellant.

*C. Harold Hughes,* of Manhattan, argued the cause and *Howard F. McCue,* of Topeka, and *Charles Hughes,* of Manhattan, were with him on the briefs for the appellee.

The opinion of the court was delivered by ·

Sмith, J.: This was an action to recover damages alleged to have been sustained when a car driven by defendant collided with a trailer being towed behind a car driven by plaintiff. Judgment was for plaintiff. Defendant has appealed.

The petition alleged plaintiff was driving north on Highway 75 about 9 o'clock at night; that it was stormy and raining; he was pulling a trailer with tail lights and reflectors turned on; that he saw bright lights on a car approaching from the north, not dimmed, and slowed to a speed of from five to ten miles an hour, and drew closely to the right-hand side of the road; that as the above car was passing, plaintiff's car was struck from the rear by an automobile owned and operated by defendant, which had been proceeding in a northerly direction, arid had overtaken and struck plaintiff's vehicle from behind.

The petition further alleged that defendant failed to use due care in the operation of his automobile and was negligent in that he was traveling at a dangerous and negligent rate of speed, that is, in excess of seventy miles an hour, in dark and stormy weather; that he failed to slacken his speed and get his car under control as he approached the oncoming car with bright lights; that he failed to keep a proper lookout; failed to keep his automobile under control and failed to avoid striking plaintiff.

The petition then alleged damages he claimed were proximately caused by the negligence of defendant.

Judgment was prayed in the amount of $5,225.

The defendant's answer admitted the collision, but denied plaintiff's trailer was equipped with working lights or reflectors; denied that at the time of the collision plaintiff was driving from five to ten miles per hour, but alleged he had in fact stopped in the middle of the highway; that the place where the plaintiff had stopped was on the northerly slope of a hill; denied that the collision and damages were occasioned by any negligence of defendant.

The answer further alleged even though defendant might be

deemed negligent, which he denied, plaintiff was guilty of negligence in operating a vehicle on the highway, towing to the rear thereof an unlighted trailer, and stopping the car and unlighted trailer in the traveled portion of the highway and in the path of defendant's vehicle, which negligence proximately caused and contributed to the collision and resulting damage.

There was also a general denial.

The reply was a general denial of all new matter.

At the close of plaintiff's evidence defendant demurred to it on the ground that it failed to establish negligent liability sufficient to permit that issue to be submitted to the jury, and upon the further ground it showed plaintiff was guilty of contributory negligence as a matter of law. This demurrer was overruled. The defendant elected to stand on his demurrer and offered no evidence.

The defendant requested the jury be instructed to find for the defendant. This was refused.

The jury was duly instructed and the issues submitted.

Special questions were answered as follows:

"1. Was the collision the result of an accident as defined in the Court's instructions? A. Yes.

"2. Did the collision between the vehicles of plaintiff and defendant occur at night when it was so dark that persons and vehicles could not be seen in the absence of lights? A. Yes.

"3. Was visibility reduced and the pavement wet by reason of the weather being rainy? A. Yes.

"4. Was there oncoming traffic immediately prior to the collision proceeding in the opposite direction to plaintiff and defendant with bright lights which tended to reduce the visibility of a driver proceeding in the same direction as plaintiff and defendant? A. Yes.

"5. Was the trailer, which was attached to the plaintiff's car, equipped with a lighted rear lamp? A. No.

"6. Was the trailer which was attached to the plaintiff's car equipped with red reflector buttons on the rear end? A. Yes.

"7. Was plaintiff's car moving forward at the time defendant's car struck it? A. Yes.

"8. Was plaintiff negligent, contributing proximately to the collision? A. No.

"9. Was defendant guilty of negligence proximately causing the collision? A. Yes.

"10. If you answer the preceding question in the affirmative, state the acts of negligence of which you find the defendant guilty. A. Out of control due to weather conditions."

A general verdict was returned for plaintiff in the amount of $2,150.

The defendant filed a motion for judgment notwithstanding the

general verdict, and for judgment on the special findings and for a new trial. All these motions were overruled and judgment was entered pursuant to the verdict.

The defendant appealed from the judgment, from the order overruling his motion for judgment notwithstanding the verdict, his motion for judgment on the answers to special questions, and for a new trial.

The specifications of error are the court erred in overruling defendant's demurrer to the evidence, in overruling his request for special instructions, in overruling his motions for judgment notwithstanding the general verdict, for judgment on the special findings and in rendering judgment for plaintiff.

Defendant first argues the trial court erred in overruling his demurrer to plaintiff's evidence. He argues the conclusion that the collision was caused by his negligence is not the only reasonable conclusion to be drawn from the evidence. Hence his demurrer should have been sustained.

The cases cited and relied on to sustain this argument are those where we have held negligence may not be based on mere surmise or conjecture. Negligence like any other issue of fact may be proved by circumstantial evidence. (See *Brown v. Clark,* 152 Kan. 274, 103 P. 2d 907.)

It was the province of the jury to weigh all conflicting evidence and to draw all reasonable conclusions from the evidence offered. (See *Brugh v. Albers,* 141 Kan. 223, 40 P. 2d 380; *Sawhill v. Casualty Reciprocal Exchange,* 152 Kan. 735, 107 P. 2d 770; and *Briggs v. Burk,* 174 Kan. 440, 257 P. 2d 164.)

This is not a complete list by any means. It would add but little to the edification of the readers of this opinion to set out the evidence in detail. However, the facts detailed by the appellant himself clearly show that there was sufficient evidence from which the jury was entitled to conclude that the defendant was driving at a dangerous rate of speed and ran into the rear of plaintiff's car, due to his failure to keep a proper lookout.

Defendant next argues that Finding No. 8 is contrary to the evidence and should be disregarded. Finding No. 8 was that the plaintiff's negligence did not contribute proximately to the collision. In connection with this, defendant refers to Question No. 5, which was that the trailer which was attached to plaintiff's car was not equipped with a rear lamp.

Defendant in his argument on this point does not refer to the answers to Question 6,.which found the trailer was equipped with red reflector buttons on the rear end. We are unable to follow defendant's argument. Negligence to bar the plaintiff from recovery must contribute to and be the proximate cause of the injury complained of. There is no evidence but that the rear reflector buttons were sufficient warning to drivers approaching from the rear with their car under proper control.

In *Wright v. Nat'l Mutual Cas. Co.*, 155 Kan. 728, 129 P. 2d 271, the defendant.had been found guilty of negligence and failing to have sufficient lights on the rear of .his truck and plaintiff was given judgment. We held:

"It is well settled that where the act found as negligence did not cause the injury complained of there can be no recovery. (*Railroad Co. v. Justice*, 80 Kan. 10, 101 Pac. 469; *Barnhardt Glycerin Co.*, 113 Kan. 136, 213 Pac. 663.) It is equally well settled that where the absence of lights or signals does not prevent a driver from seeing a vehicle in time to avoid it, the absence of lights or signals cannot be said to be the proximate cause of the collision. (*Eldridge v. Sargent*, 150 Kan. 824, 830, 96 P. 2d 870, and authorities there cited.)"

Defendant next argues the court erred in overruling his motion for judgment on the special findings notwithstanding the general verdict.

The defendant argues under this, first that the jury found the collision was the result of an accident as defined in the court's instructions. The court instructed the jury as follows:

"You are instructed that in the ordinary walks of life injury and damage often occur to persons and property which cannot be traced to the fault or negligence of anyone, but is the result of a mere accident, for which no one is responsible and for which no one can be held liable, and the person suffering loss or damage by mere accident is without remedy and must bear the loss. So, in this case, if you find that in the incident in question the parties are not guilty of any fault or wrong, and that injury or damage, if any, sustained by them was the result of a mere accident, then they are without remedy and cannot recover in this action, and your verdict in that event should be for the defendant."

Defendant argues that since the jury found the collision to be the result of an accident as defined by the court's instructions after having been given the above instruction, then it follows the jury believed, in answering that question, that the injury `and damage could not be traced to the fault of negligence of anyone. He relies on cases where we have held where the finding of the jury acquitted the defendant of all acts of negligence, the plaintiff could not recover. In examining—Were the special findings consistent with

each other and consistent with the general verdict? in *Eldridge v. Kansas City Public Service Co.,* 175 Kan. 879, 267 P. 2d 923, we said:

"Special questions are not to be used for the purpose of entrapping an unwary jury nor is a jury held to the strict definition and application of terms, words and phrases, to which a skilled, specially trained group of experts would be held."

(See, also, *Darbe v. Crystal Ice & Fuel Co.,* 132 Kan. 640, 296 Pac. 705; and *Torpey v. Kansas City Public Ser. Co.,* 149 Kan. 735, 89 P. 2d 899.)

The jury was told in this case in the instructions what would constitute a "mere" accident. In the findings they were asked whether the collision was an accident. The argument of defendant would be more forceful if the instructions had used "unavoidable" or had included "mere" in the question. It is well known that "accident" is the word used by people generally in referring to violent or unusual happenings between people. This answer is not entitled to the weight for which appellant argues.

The jury went ahead and found the defendant to be guilty of negligence and that the plaintiff was not guilty. There was ample evidence to support both findings.

The judgment of the trial court is affirmed.

THIELE, J., (concurring specially in the result.)

I think the above appeal should be determined on a different basis than is followed in the foregoing opinion, but shall state my views rather summarily.

I am of the opinion that the answer to the first special question that the collision was an accident means just what it says and cannot be explained away in the manner set forth in the court's opinion. Under that one answer the defendant was freed from liability. Answers to other special questions, however, convict the defendant of actionable negligence. The result is that the answers to the special questions are inconsistent with each other, and cannot be reconciled with each other, and, of course, they cannot be reconciled with the general verdict. In such case the rule stated in *McCoy v. Weber,* 168 Kan. 241, 212 P. 2d 281, applies. It is:

"Consistent special findings control the general verdict when contrary thereto but when they are inconsistent with one another—some showing a right to a verdict and others showing the contrary—the case is left in the condition of really being undecided and a new trial should be granted." (Syl. ¶ 2.)

And see the later case of *In re Estate of Erwin,* 170 Kan. 728, 738, 228 P. 2d 739, and cases cited therein for other statements of the rule.

In the instant case, however, although the notice of appeal covered a ruling on defendant's motion for a new trial, the abstracts do not include such a motion, and no error on the ruling is specified as error. We are left in the same position as though there had been no motion for a new trial. As was said in the concluding paragraphs of *McCoy v. Weber,* supra:

"Obviously the result in the instant case is not a satisfactory one. These findings being inconsistent with one another they leave the case in a condition of being really undecided. Under such circumstances a new trial should have been granted. (*Willis v. Skinner,* supra.) The trial court, however, did not grant a new trial on its own motion. Appellants for reasons they deem valid and concerning which we, of course, express no views, did not request a new trial. Appellants concede the sole issue they bring here is whether the trial court erred in overruling their motion for judgment *non obstante veredicto.* We think it did not.

"The judgment is affirmed." (l. c. 244.)

The result here, as in the above case, is that the judgment must be affirmed.

WEDELL and PRICE, JJ., join in the foregoing concurring opinion.