ELLA EIDSON, *Appellant*, V. THE CHICAGO, ROCK IS-
LAND & PACIFIC RAILWAY COMPANY *et al., Ap-
pellees.*

No. 17,035.

SYLLABUS BY THE COURT.

1. CONTRIBUTORY NEGLIGENCE—*Question for Jury.* Contributory
negligence is usually a question of fact for the determination
of a jury.

2. —— *Burden of Proof on Party Alleging It.* Contributory
negligence is a matter of defense, and the burden of estab-
lishing it rests upon the party who asserts it and not upon
the opposite party, in the first instance, to disprove it.

3. DEMURRER—*When Wrongfully Sustained.* Unless it can be
said that the evidence of a plaintiff seeking redress for in-
juries to himself or another affirmatively shows that the in-
jured party was guilty of contributory negligence, a demurrer
to the evidence of the plaintiff on this ground should not be
sustained.

Appeal from Seward district court. Opinion filed
July 7, 1911. Reversed.

*E. C. Warfel,* and *John Marshall,* for the appellant.
*M. A. Low,* and *Paul E. Walker,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was commenced by the appel-
lant as widow of the deceased against the appellees in
the district court of Seward county for damages for
the alleged negligent killing of her husband, Clifford
Eidson, upon the railroad of the appellee company at
Liberal, Kan. In her petition she alleges that no ad-
ministrator of the estate had been appointed. During
the progress of the trial she moved to amend the pe-
tition to enable her to sue as administratrix and to al-
lege that she had been appointed administratrix thereof.
The motion was allowed but the amendment was not, in
fact, made.

The evidence shows that a form of appointment had

been signed by the probate judge of the proper county, but that no bond had ever been filed and no qualification made. Should the evidence on a new trial show that the appellant had then qualified as administratrix, the amendment may then be made before the new trial is completed, as the question in this case is purely technical, to conform to the statute. If recovery should be had, the plaintiff is the proper person to recover the judgment, either for herself and as trustee for her children or as administratrix of her deceased husband's estate.

The acts of negligence alleged by the appellant are that the engine and caboose, which the deceased was assisting to couple when he met his death, were defective and carelessly and recklessly handled, and were engaged in interstate commerce and not equipped according to the act of congress. The answers of the defendants were general denials and the usual defenses of contributory negligence, assumption of risk, etc. After the plaintiff had introduced her evidence on the trial the defendants interposed a demurrer thereto which the court sustained and dismissed the action, and this is the principal error complained of.

Ordinarily, the presumption is that a person, with the love of life common to all, exercises such due care as the circumstances permit to protect himself from injury. Hence it is a rule of law that contributory negligence is not to be presumed, nor need it, in the first instance, be negatived by one seeking redress for an injury; that it is a matter of defense and the burden of proving the fact rests upon him who alleges it. (*St. L. & S. F. Rly. Co. v. Weaver,* 35 Kan. 412; *Mo. Pac. Rly. Co. v. McCally,* 41 Kan. 639.)

It is contended by the defense in this case that the deceased could have coupled the caboose to the engine by standing on the footboard of the engine, in a place of safety, and done all that was necessary with one hand; that he left the footboard, where he was stand-

ing, and went upon the ground between the engine and the caboose to effect the coupling without any necessity therefor; thus voluntarily putting himself in a position of danger, and by reason thereof the accident occurred through his own negligence.

This evidence appears to have been given by no one who had actually coupled this engine to this caboose in this manner, and may well be said to have been rendered doubtful or discredited by other evidence. There is evidence that the caboose had originally been equipped with safety appliances so that it could be coupled to the engine without going between them, but that this appliance was out of repair and would not work. There was also evidence tending to show that the jaws of the coupling on the caboose had to be opened by hand and that the deceased was, apparently, in the act of opening these jaws with his hands when he was caught and injured. No rule of the company is shown which he transgressed in thus attempting to couple the cars.

There was some evidence that a man walking along the highway, in full view of the whole proceeding, saw the deceased step off from the engine and signal the engineer to stop, which he did; that the deceased then advanced toward the caboose; that the engineer then started the engine toward the caboose without any signal therefor while the deceased was, with his back to the engine, apparently endeavoring to open the jaws of the coupling with his hands, and caught and crushed him. We do not think that the evidence affirmatively shows contributory negligence on the part of the deceased, or that, as a matter of law, the court could say that the action of the deceased constituted contributory negligence.

We think it was a fair case for submission to the decision of a jury, and that the court erred in sustaining the demurrer to the evidence. The judgment dismissing the action is reversed and the case is remanded with instructions to grant a new trial.