No. 22,815.

C. W. BEELER, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Jury May Not Indulge in Mere Conjecture and Speculation.* It is not within the province of the jury to indulge in mere conjecture and speculation for the purpose of finding negligence.

2. SAME—*Injury to Shipment of Live Stock—Evidence Insufficient to Sustain Finding of Jury.* In an action against a carrier to recover for injuries to a shipment of colts and mares, it was alleged the injuries were caused by negligence of the defendant's employees who, in attempting to attach the car to the freight train, carelessly and negligently backed the engine against it with great speed, force and violence, by which several of the animals were knocked down and killed and others maimed and injured. *Held,* that a motion to set aside a finding that the injuries to the animals were caused by negligence in making the coupling and starting the engine should have been sustained because it was unsupported by evidence.

Beeler v. Railway Co.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed October 9, 1920. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*W. E. Broadie,* of Kinsley, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The railroad company appeals from a judgment in plaintiff's favor for damages on account of injuries to a carload of colts and young mares that were being shipped from Kinsley to Syracuse.

The petition alleges that after the animals had been loaded in a car for shipment the defendant's employees in charge of the freight train, in attempting to pick up and attach the car, carelessly and negligently backed the train with great speed, force and violence against the car and that a number of the animals were knocked down and killed, and others seriously maimed and injured.

The plaintiff's evidence showed that about midnight on the 26th of April, 1917, he loaded a car at the stockyards in Kinsley, and that when he and his employees went away the horses were standing and in good shape; that an hour or more afterwards train No. 31 came to the station, and after doing other work, picked up this car and moved it a distance of about 700 feet to a point in front of the station at Kinsley, when it was discovered that something had happened to some of the horses, that three or four were dead and many others were down and had been tramped upon and others were plunging around.

A demurrer to the plaintiff's evidence was overruled. The brakeman and fireman testified to the effect that when they passed the car on the main track before picking it up, the horses were raising a disturbance which the employees thought was due to the light of the locomotive shining upon them. No investigation was made at the time as to the condition of the horses in the car. These two witnesses and the engineer testified that nothing unusual occurred in picking up the car; that there was no violent contact or anything likely to shake up the car or its contents. When the car was moved to the station the conductor discovered that several of the horses were dead,

that others were down and that they appeared much excited. The plaintiff was notified of the condition and called up one of his employees, who went to the stockyards and assisted the railroad men in unloading the car. Besides the animals that were dead, several had broken legs, and all appeared to be more or less injured. The defendant produced the depositions of two witnesses, who testified that they were traveling with their families in wagons from Colorado, and camped near the stockyards about 100 feet from the chute where the horses were loaded; that they heard the men loading the horses; that the horses seemed to be very much excited and that the loading was only accomplished with difficulty; that almost immediately after the men who had loaded the car went away, the horses seemed to be struggling and kicking; that this continued for considerable time and was plainly distinguishable above the noise of the switch engine coming to pick up the car.

The jury made a finding to the effect that the defendant was negligent in "not using proper care in coupling and starting engine" with the car. A motion to set aside the finding as unsupported by the evidence was overruled. Aside from a finding as to the value of the animals this was the only special finding made.

The contention of the defendant is that the verdict and judgment are based, not upon evidence, but wholly upon surmise and speculation. It is conceded that the injuries to the horses might have occurred in the way claimed in the petition, but it is insisted that it could have occurred from various other causes. Plaintiff's testimony showed that the horses shipped were young, unbroken animals that had never been confined except in sheds, and that when they came to be loaded they were a little excited because they had not been handled that way before, and that it was natural for them to be agitated.

It is argued that in the absence of evidence showing any unusual or violent coupling of the engine to the car, it is just as probable that the injuries to the animals resulted from their becoming excited by reason of their surroundings and confinement foreign to their previous habits, as that the employees of defendant were guilty of negligence in coupling to the car. In this connection it is argued that coupling of the car to the freight engine was not the only movement the car made from

the time it was picked up, and that the animals might have been thrown down by the sudden application of brakes or when the car was brought to a standstill, and that it is equally plausible that the horses might have been thrown down by the force of inertia, upon the stopping of the train.

We think it is apparent that the finding that the injuries to the horses were caused by negligence in coupling and starting the engine with the car of horses is wholly unsupported by evidence, and further, that if the positive evidence offered by defendant be wholly disregarded, the jury were left to mere conjecture in determining how the accident might have occurred. It was not within the province of the jury to indulge in mere conjecture and speculation for the purpose of finding negligence. The question has often been before the court. The most recent case is *Patterson v. Oil Co.,* ante, p. 221; 191 Pac. 258, which was an action to recover damages for injuries caused by the explosion of a coal-oil lamp, the plaintiff's claim being that the defendant, a wholesale dealer in gasoline and coal oil, had negligently mixed coal oil and gasoline together and sold the product as kerosene. In the opinion it was said:

"It was only by mere conjecture and speculation that the jury could find that any of the mixture at defendant's plant was sold or delivered . . . as coal oil." (p. 227.)

In *Railroad Co. v. Aderhold,* 58 Kan. 293, 298, 49 Pac. 83, it was said:

"It is possible that the horses might have been frightened and hindered by the hole; but things which are possible may never happen. The accident may be accounted for in several ways, and other and more plausible theories of the collision may be readily suggested; but liability cannot be fixed on a bare guess, nor can a verdict rest on mere conjecture."

The following cases are to the same effect: *Carruthers v. C. R. I. & P. Rly. Co.,* 55 Kan. 600, 604, 40 Pac. 915; *Railway Co. v. Young,* 57 Kan. 168, 171, 45 Pac. 580; *Railway Co. v. Rhoades,* 64 Kan. 553, 68 Pac. 58; *Hart v. Railroad Co.,* 80 Kan. 699, 102 Pac. 1101; *Brown v. Railroad Co.,* 81 Kan. 701, 106 Pac. 1001; *Duncan v. Railway Co.,* 82 Kan. 230, 108 Pac. 101; *Duncan v. Railway Co.,* 86 Kan. 112, 119 Pac. 356; *Byland v. Powder Co.,* 93 Kan. 288, 294, 296, 144 Pac. 251; *Rodgers v. Railway Co.,* 97 Kan. 318, 321, 154 Pac. 1027; *Norman v. Rail-*

*way Co.,* 101 Kan. 678, 682, 168 Pac. 830; *Cash v. Oil Refining Co.,* 103 Kan. 880, 888, 889, 176 Pac. 980.

The court should have sustained the motion to set aside the special finding as to negligence, and the judgment is reversed and the cause remanded for another trial.