No. 27,965.

MATTIE F. WHITEKER, *Appellee*, v. THE WICHITA RAILROAD AND LIGHT COMPANY, *Appellant*.

(265 Pac. 1103.)

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Evidence—Sufficiency*. A finding of negligence cannot rest on mere conjecture, but must be established by competent proof.

2. STREET RAILROADS—*Injury to Person on Track—Vigilance of Motorman—Evidence*. A person was struck and killed while running a few feet in front of a moving street car, and in an action against the defendant to recover for the loss a finding of the jury was returned to the effect that the injury and death were due to the negligence of the motorman in failing to keep a lookout for the safety of persons crossing the tracks in front of the car. On this finding judgment for plaintiff was rendered. The evidence in the case considered, and it is held that the finding is without adequate support.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed April 7, 1928. Reversed.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris*, all of Wichita, for the appellant.

*Clyde E. Souders* and *Otto R. Souders*, both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  Mattie F. Whiteker sued the Wichita Railroad and Light Company, to recover damages for the death of her husband, J. S. Whiteker, caused, it was alleged, by the negligence of the company. She recovered damages in the sum of $2,734, and defendant has appealed.

She alleged that her husband was in the habit of boarding street cars at the intersection of two of the principal streets of Wichita at about 6:35 in the evening, and in going from his home to board the

Negligence, 29 Cyc. p. 623 n. 99; 20 R. C. L. 181. Street Railroads, 36 Cyc. p. 1601 n. 18; 25 R. C. L. 1220.

car it was necessary for him to cross the street-car tracks in order to reach the entrance door of the car, and that on the occasion in question when passing over the tracks he was negligently struck by the advancing car and killed.

The grounds of negligence assigned by plaintiff were, operating the car with defective brakes; insufficient headlights; no sand in the sand box, which is necessary in an emergency stop; failure to slacken speed or stop the car when the motorman saw the peril of Mr. Whiteker; operating the car at a reckless rate of speed under the circumstances, and in violation of a city ordinance. The jury acquitted the defendant of all the charges of negligence, except that the motorman failed to keep a proper lookout for Mr. Whiteker, as disclosed in the following findings of fact, two sets of which were submitted:

"Q. At what rate of speed was the defendant company's car moving immediately prior to the accident? A. Two miles per hour.

"Q. Was the headlight on the street car burning at the time of the accident? A. Yes.

"Q. Was the gong on the street car sounded immediately prior to the time it entered the intersection? A. Yes.

"Q. Did J. S. Whiteker use due care for his own safety in crossing in front of the defendant company's car? A. Yes.

"Q. Could the defendant company's motorman have done anything he did not do after he observed J. S. Whiteker upon the tracks in front of the street car? A. No.

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Q. How far in front of the street car was J. S. Whiteker when he was first observed by the motorman? A. Three to four feet.

"Q. What negligence of the defendant company or its motorman caused the accident? A. Lack of diligent watch.

"Q. Was J. S. Whiteker's action in crossing the street-car tracks in front of the approaching street car a contributing and proximate cause of the injury? A. Slightly negligent.

"Q. Do you find that J. S. Whiteker signaled the car to stop? A. Yes.

"Q. If you answer the preceding question in the affirmative, then give: (a) The location of J. S. Whiteker at that time. A. About four or five feet south of center of the intersection of Indianapolis and Main street, between car tracks.

"Q. (b) The location of the car at that time. A. Car was south of intersection of Indianapolis and Main street.

"Q. Were the defendants negligent in operating the street car at the time and place of the death of plaintiff's husband without sufficient headlight? A. No.

"Q. If you find that the defendants were negligent in operating the said street car without sufficient headlight, was that one of the proximate causes of the death of plaintiff's husband?` A. No.

·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·

"Q. If you find the defendants were negligent in operating the said street car without sand in the sandbox of the car, was that one of the proximate causes of the death of plaintiff's husband? A. No.

"Q. Were the defendants negligent in operating the said street car at the said time and place without the brakes being in proper condition? A. No evidence showing the condition of brakes.

·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·

"Q. Were the defendants negligent in this, that the motorman did not keep a proper lookout for Mr. Whiteker? A. Yes.

"Q. Did Mr. Whiteker, the plaintiff's husband, signal the car of the defendant to stop? A. Yes.

"Q. Did the defendant's motorman keep a vigilant watch for all persons on foot, either on the tracks or moving towards it at the time and place in question? A. No."

It is seen that the only negligence found was the failure of the motorman to keep a proper lookout or a diligent watch. It appears that a misting rain was falling that night, and that the street was slippery. The testimony upon which plaintiff relied to establish the negligence of defendant in respect to lack of diligent watch was furnished by the motorman himself. He was called by the plaintiff and said:

"Well, I was going north on South Main street, and a block south of Indianapolis and Main I stopped and picked up a passenger or two, I don't remember just how many now, and I proceeded north to the intersection of South Main and Indianapolis, and before I approached the intersection I rang my bell and slowed down, and had started up again and had almost gone across the halfway intersection of the street when, right in front of me, started Mr. Whiteker —I didn't know at the time who he was—but the first that I seen of him was right in front of my car; it didn't seem like any distance at all between him and I, and I didn't attempt to ring the bell or anything; I hollered at him, and it didn't seem to do any good, and before he got off the track I hit him."

On further inquiry he said that the light from the lamps of his car penetrated down the tracks in front but did not show out to the sides of the car, and that Whiteker approached the car from the dark side, the street light being over on the other side of the street. He stated that he was looking ahead, but that he did not see Whiteker until the latter ran across the track in front of the car; that as soon as he saw him he applied the air, threw the car into reverse and shouted "Look out," and further, that he didn't know of anything else he could have done.

In view of the testimony it must be conceded that the headlights of the car were burning; that the gong was sounded for the intersection; that the lack of sand in the box had nothing to do with the accident; that no defect in the brakes was shown; and that Whiteker was only three to four feet ahead of the car when he was observed by the motorman; and further, that the motorman could not under the circumstances have done more to protect Whiteker than was done after he ran on the track in front of the street car. Manifestly the evidence did not establish actionable negligence on the part of the defendant. While it was the duty of the motorman to keep a diligent lookout ahead so as to avoid injury to those who might be crossing in front of the moving car, he cannot be charged with negligence for an injury to one who suddenly dashes across four or five feet in front of an advancing car. As seen, he was the witness of the plaintiff and to some extent she vouched for his veracity. Without his testimony there is nothing in the evidence to support the claim that the motorman failed to keep a proper lookout while crossing the intersection of the streets. Negligence must be established by competent proof, and a valid finding of negligence cannot be made without competent supporting evidence, nor rested upon mere conjecture. The mere fact that the deceased was struck by the street car is not a basis for a finding of negligence against the defendant. Negligence cannot be presumed but must be proved (*Railroad Co. v. Tindall*, 57 Kan. 719, 48 Pac. 12), and there is a lack of proof on which to rest a finding of defendant's negligence.

Aside from this conclusion it must have been held, if it had been necessary to a decision of the case, that Whiteker's lack of care for his own safety directly contributed to his death. It would be difficult to conceive of a more obvious risk, a more reckless disregard of care for personal safety, than to run across a railroad track four or five feet in front of a moving car. Whiteker certainly saw the car, as he was running to board it, and notwithstanding the great and manifest danger of an effort to cross in front of a moving car in the center of a street intersection, the jury found that he used due care for his own safety in the effort. However, in response to another question the jury did find that he was slightly negligent. In no view of the evidence in the record can we find a rational basis for the judgment, and hence it is reversed, with the direction to enter judgment for the defendant.