## ALLEN v. PENNSYLVANIA R. CO.
### No. 7249.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1941.

John G. Riordan, of Chicago, Ill., for appellant.

Wm. A. Redmond, John Knox, and Frank J. Loesch, all of Chicago, Ill., for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment in favor of the defendant in an action brought by the plaintiff to recover damages sustained by reason of the death of her intestate, alleged to have been caused by the negligence of the defendant.

The negligence charged was that the locomotive which caused the death of John K. Allen was recklessly and improperly operated, that it had been run and operated at a high and dangerous rate of speed, that it gave no warning of its approach, that the bell of the locomotive was not rung or its whistle sounded and that the locomotive

was not equipped with a headlight of sufficient illumination. Defendant denied generally and specifically the allegations of the complaint, alleged that plaintiff's intestate was not in the exercise of ordinary care for his own safety, and that he was guilty of contributory negligence as a matter of law. There was a trial before a jury. At the conclusion of the evidence for the plaintiff, the court instructed the jury to return a verdict for the defendant and judgment was entered thereon. To reverse the judgment, plaintiff appeals.

The only question presented is whether the court erred in directing the jury to find for the defendant. Plaintiff claims that there was sufficient evidence to justify submission of the case to the jury.

A question of law is thus presented which calls for a consideration of the record, not for the purpose of weighing the evidence, since a jury is the constitutional tribunal provided for trying facts in courts of law, but for the purpose of determining whether there was some evidence. In the consideration of such a question, it is the duty of the court to take the view of the evidence and all the inferences that may be properly drawn therefrom most favorable to the plaintiff, and, if the evidence is of such a character that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions, then the case should be submitted to the jury.

It was incumbent on the plaintiff to prove that the deceased was in the exercise of ordinary care for his own safety at the time and immediately before he was struck by the locomotive, and that the defendant was guilty of negligence.

In Illinois the rule has long been settled that it is the duty of persons about to cross a railroad track to look about them and see if there is danger, and not to go recklessly upon the track, but to take proper precaution to avoid accident. It is generally recognized that railroad crossings are dangerous places, and one crossing the same must approach the track with the amount of care commensurate with the known danger, and when a traveler on a public highway fails to use ordinary precaution while driving over a railroad crossing, the general knowledge and experience of mankind condemns such conduct as negligence. Greenwald v. Baltimore & O. R. Co., 332 Ill. 627, 164 N.E. 142; see Theobald v. Chicago, M. & St. P. Ry. Co., 75 Ill. App. 208.

It is also the rule that the question of negligence and contributory negligence are ordinarily questions of fact to be passed upon by the jury. But if from the facts disclosed the conclusion follows as a matter of law that there can be no recovery in any proper view of the facts, it is the duty of the trial court to direct a verdict. Dunworth v. Grand Trunk Western Ry. Co., 7 Cir., 127 F. 307; Heimann v. Kinnare, 190 Ill. 156, 160, 60 N.E. 215, 52 L.R.A. 652, 83 Am.St.Rep. 123; and Austin v. Public Service Co., 299 Ill. 112, 132 N.E. 458, 17 A.L.R. 795.

Defendant's right-of-way, consisting of two tracks running in a northwesterly and southeasterly direction, crosses Vincennes Avenue, a wide street in the city of Chicago, at approximately right angles. The south track is used for eastbound trains, while the north track is used for westbound trains. About 17 feet south of the southernmost rail of the railroad tracks are gates equipped with lights. These gates are lowered or raised to protect the streetcar traffic and pedestrians traveling upon Vincennes Avenue. There are similar gates north of the crossing.

Plaintiff's intestate was a conductor employed by the Chicago Surface Lines, working on a Vincennes Avenue streetcar traveling northward. It was his duty, when the streetcar approached a railroad track, to alight from the car and proceed to the crossing ahead of the streetcar to observe whether a train was approaching, and should the way be clear then, to signal that fact to the motorman.

Just prior to the accident a streetcar, other than the one upon which Allen was working, approached the crossing from the south and stopped south of the gate. Allen's car followed and stopped behind this car. Holmes, the conductor of the first car, testified that he and Allen then proceeded to the crossing together and looked west and then east. He did not, however, testify that he saw no train coming from the west, nor is there any evidence that Allen at any time thereafter again looked to the west. When Holmes and Allen walked upon the railroad track the gate was up. Holmes did not remain on the crossing but returned to his car, and as he was returning the gate was being lowered. A train was approaching on the north track from the east, going west. Allen at that time stood between the rails of the south track, looking east. While Allen was standing in this

position, watching the train on the north track as it proceeded to the west, a locomotive, visible 1,000 feet to the west of the crossing, approached from the west on the south track at a speed of 40 miles per hour, and struck Allen, inflicting injuries from which he died. No one testified that the bell was not rung or that the whistle was not blown, but Holmes testified that he did not hear any bell ring or whistle blow.

 Plaintiff's position that there was sufficient evidence justifying submission of the case to the jury rests upon her claim that one witness testified he did not hear a bell or whistle, and upon the evidence tending to show that the speed of the locomotive was 40 miles per hour.

These identical contentions were made in Provenzano v. Illinois C. R. Co., 357 Ill. 192, 191 N.E. 287. In disposing thereof, the court, on page 196 of 357 Ill., on page 288 of 191 N.E., said: "* * * The testimony of the witnesses to the effect that they heard no bell or whistle was merely negative in its character and did not tend to raise an issue of fact as to whether or not the whistle was blown or the bell rung. Morgan v. New York Central Railroad Co. 327 Ill. 339, 158 N.E. 724. However, even if it be taken as true that no bell was rung or whistle sounded, it would be nothing more than an act of negligence. The same is true as to the speed at which the train was running, even if it be assumed at the highest estimate of 60 miles per hour. The public interest requires, and the law permits, that passenger trains may be operated at such speed as may be consistent with a due regard for the safety of the passengers and those persons who are, in the exercise of due care for their own safety, traveling on the highways over and across the railroad tracks. Chicago & North Western Railroad Co. v. Dunleavy, 129 Ill. 132, 22 N.E. 15; Partlow v. Illinois Central Railroad Co. 150 Ill. 321, 37 N.E. 663. There being no evidence showing or tending to show that the defendant willfully or intentionally injured the plaintiff and no evidence of any circumstance exhibiting a reckless disregard for his safety, there should have been a directed verdict as to the third count of the declaration."

Applying the tests outlined, we think, under the circumstances shown by this record, that the deceased was not in the exercise of ordinary care and that his conduct must be regarded as clearly negligent.

The judgment of the District Court is affirmed.

Judge TREANOR participated in the hearing of this appeal but died before this opinion was written. He had, however, expressed his approval of the action taken by the District Court.