**BALTIMORE et al. v. LOUISVILLE & N. R. CO.**

No. 5292.

Circuit Court of Appeals, Fourth Circuit.

Nov. 13, 1944.

George P. Cridlin, of Jonesville, Va., and Fred B. Greear, of Norton, Va., for appellants.

C. S. Landrum, of Lexington, Ky., and Walter R. Pennington, of Pennington Gap, Va. (Robert L. Pennington, of Bristol, Va., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are two actions brought in December 1943 in the Circuit Court of Lee County, Virginia, by the appellants, Hester Hines, administratrix of the estate of Ivan Pearl Hines and Sindie Baltimore, administratrix of the estate of Paul Ray Prichard, herein referred to as the plaintiffs against the Louisville & Nashville Railroad Company, the appellee, herein referred to as the defendant. Both actions were duly removed to the District Court of the United States for the Western District of Virginia, by the defendant on the grounds of diverse citizenship. It was agreed that the cases should be consolidated and heard together and in the early part of May 1944, at a trial at Big Stone Gap, Virginia, after the plaintiffs had concluded their evidence, counsel for the defendant moved the court for a directed verdict which motion the trial court granted, rendering an opinion and entering an order dismissing both actions at the cost of the plaintiffs. From this action of the court below these appeals were brought.

Two boys both sixteen years of age and residents of Pennington Gap, Lee County, Virginia, one named Ivan Pearl Hines and the other Paul Ray Prichard, on the night of July 13, 1943, left their home soon after dark for the purpose of going to a pond near Dryden, Virginia, to hunt frogs. It was approximately five miles from their home to the pond. The Hines boy had been to the same pond on several occasions. The boys were of average size and strength for their ages. They were equipped with one gig and two carbide lamps. Around midnight a man named Lawson stopped at the pond to wash up and saw the two boys. The boys had told their parents that they intended to spend the night and would be back home about five o'clock in the morning. Nothing more was seen of the boys as far as the evidence shows until early the next morning when their bodies were found near a crossing where the county road crossed the track of the defendant railroad. The bodies were badly mangled and one body was found on the railroad track about fifty feet west of the crossing and the other about seventy-five feet west of the crossing. Bones and blood from the bodies were found on the crossing and a severed foot was found just west of the crossing. The two carbide lights used by the boys and a broken gig handle were found near the crossing.

A witness testified that he was up when a train passed close to the house, where he was staying, about four or five o'clock in the morning; that he heard the train whistle for the station at Dryden, about one mile away, and stayed awake until the train passed the crossing and listened for the whistle to be blown for the crossing, as there was a whistling post right near there, and for the bell to be rung but that he did not hear either.

There was evidence to the effect that one of the enginemen was drinking the evening before he was called to go out on his run to Norton and back.

When engine No. 1345, the one taken out by Walker and Hall, was examined, at three o'clock the afternoon of the accident, hair and what was supposed to be brains from both of the boys bodies were found on the engine. One of the boys was a blond and the other was a brunette and hair of different color was found on the engine.

The law with reference to a directed verdict is well settled both in the federal and state courts and the evidence must be construed in the light most favorable to the party against whom the motion is directed. A discussion of this question by this court will be found in Holmes v. Holland Furnace Co., 4 Cir., 103 F.2d 563. We know of no exception to this rule and applying it to the evidence here we find that the jury would be justified in finding that the boys were killed at or near the railroad crossing by engine No. 1345, driven by Walker and Hall. It seems plain that

the engine did not stop after it hit the bodies of the boys. This is a very strange circumstance and in view of the fact that no inquiry was made as to what report the enginemen made as to this occurrence we are left entirely in the dark as to what really happened.

The circumstances of this case constitute a peculiar and unfortunate happening; nobody saw the accident, unless the enginemen did and they should have seen it had they been keeping the proper lookout. The enginemen should have reported what they did see if they saw anything. There is no evidence as to whether the boys were killed on the crossing or on the track.

If the boys were walking on the track they were trespassing; if they were crossing on the county road they were not trespassing, but we cannot find the slightest evidence to prove where they were walking. We do not find the same difficulty in deciding what engine hit the boys as did the judge below, but, nevertheless the case as made by the plaintiffs leaves the circumstances of the happenings so clouded in uncertainty that it would be impossible for a jury to say, with any degree of certainty, what did happen.

A verdict cannot be found on conjecture there must be something substantial upon which to base it. In Virginia & S. W. R. Co. v. Bailey, 103 Va. 205, 49 S. E. 33, 34, the Supreme Court of Virginia said:

"The court instructs the jury that the burden of proving negligence is upon the plaintiff, and that negligence must be proved by affirmative evidence, which must show more than a probability of a negligent act; that a verdict cannot be found upon a mere conjecture; and that there must be affirmative and preponderating proof that the injury here sued for would not have occurred except for the negligent breach of some duty which the defendant owed to the plaintiff."

This case was followed in the following cases: Real Estate Trust & Ins. Co. v. Gwyn's Adm'x, 113 Va. 337, 74 S.E. 208; Richmond v. Pemberton, 108 Va. 220, 222, 61 S.E. 787; Southern R. Co. v. Wiley, 112 Va. 183, 70 S.E. 510;

Nor can negligence be presumed or inferred. Virginia & S. W. R. Co. v. Bailey, supra; Bertha Zinc Co. v. Martin's Adm'r, 93 Va. 791, 22 S.E. 869, 70 L.R.A. 999; Southern R. Co. v. Vaughan's, 118 Va. 692, 88 S.E. 305, L.R.A.1916E, 1222, Ann.Cas. 1918D, 842.

The rule is the same in the federal courts and in the case of Owens v. Southern R. Co., 4 Cir., 33 F.2d 870, this court held:

"In action to recover damages for negligent killing of deceased by train, evidence not showing with certainty whether deceased was killed while walking along railroad track or sitting on railroad platform or otherwise, and showing deceased was drunk at time, held not to show that nonexistence of headlight on engine, as required by Code N.C.1927, § 3479, was proximate cause of death."

"There must be causal connection between negligence of railroad, if any, and death of deceased to impose liability on railroad, there being no presumption of causal connection arising from mere fact of negligence, and, in absence of proof of such connection, judgment of nonsuit will be sustained."

See also: Higgins v. Whitmore, 116 Va. 414, 82 S.E. 180. Norfolk & W. R. Co. v. Denny's Adm'r, 106 Va. 383, 56 S.E. 321.

It is not necessary to multiply authorities in support of this principle.

Giving to all the evidence, introduced on behalf of the plaintiffs, the most favorable interpretation for them, we can find nothing that proves in the slightest degree any negligence on the part of the defendant railroad company in the accident.

The burden was on the plaintiffs to prove negligence on the part of the defendant company and they failed to carry it. The courts cannot permit juries to "surmise or guess" a verdict. There was not sufficient evidence to take the case to the jury and the action of the court below in directing a verdict for the defendant is accordingly

Affirmed.