CHICAGO, ROCK ISLAND & PACIFIC R. CO. et al. v. CONSUMERS COOPERATIVE ASSOCIATION.

CONSUMERS COOPERATIVE ASSOCIATION v. CHICAGO, ROCK ISLAND & PACIFIC R. CO. et al.

Nos. 3965, 3966.

United States Court of Appeals
Tenth Circuit.

March 20, 1950.

Rehearing Denied April 14, 1950.

902

John E. DuMars, Topeka, Kan. (Clayton M. Davis and Mark L. Bennett, Topeka, Kan., on the briefs), for Chicago R. I. & P. R. Co. and others.

Irwin Snattinger, Topeka, Kan., and Sam Mandell, Kansas City, Mo. (Popham, Thompson, Popham, Mandell & Trusty, Kansas City, Mo., on the brief), for Consumers Cooperative Assn.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Chicago, Rock Island and Pacific Railroad Company, and Joseph B. Fleming and Aaron Colnon, as Trustees of the estate of The Chicago, Rock Island and Pacific Railway Company, instituted this action against Consumers Cooperative Association to recover damages. It was alleged in the complaint that a passenger train belonging to plaintiffs and a motor transport belonging to defendant collided at a railroad-highway crossing; that the negligence of defendant in the operation of the motor transport was the proximate cause of the accident; and that the engines and cars constituting the train were damaged. Defendant denied negligence on its part. And by counterclaim, it alleged that negligence in the operation of the train was the proximate cause of the collision; and that the motor transport was completely destroyed, for which recovery in damages was sought. Each party filed a motion for summary judgment on the issue of liability. Both motions were denied and the cause was tried to a jury. At the conclusion of the evidence adduced by plaintiffs to establish negligence on the part of defendant in the operation of the motor transport, defendant interposed a motion for a directed verdict in its favor. After argument, the court announced that the motion was sustained. Thereupon, defendant stated that in respect of the counterclaim it stood on the evidence already adduced and did not desire to introduce additional evidence relating to the issues tendered in the counterclaim. The court instructed a verdict against plaintiffs on their cause of action and against defendant on its counterclaim; judgment was entered accordingly; and each party perfected a separate appeal. For convenience, we shall continue to refer to the parties as they were denominated in the trial court, plaintiffs and defendant, respectively.

Certain allegations contained in the complaint were admitted in the answer. Without drawing any distinction between the facts admitted and those established by the evidence, it may be said broadly that in an effort to prove negligence on the part of the driver of the motor transport as the proximate cause of the collision plaintiffs introduced evidence which tended to prove these facts. The train consisted of two diesel engines and eleven modern design light weight cars. The motor transport consisted of a motor unit and a semi-trailer tank. The tank was loaded with approximately 3,000 gallons of gasoline and 1,300 gallons of distillate. The collision occurred at a point slightly more than seven miles southwest of Norton, Kansas. At that point the railroad track runs east and west and the highway north and south, the two crossing substantially at right angles. The driver of the motor transport was familiar with the highway and the crossing, having traveled the highway and crossed the railroad track on a number of previous occasions. The train was westbound and the motor transport was southbound. The crossing was substantially at grade. A standard cross-buck sign bearing the words "Railroad Crossing" was located 27 feet north of the track, and a standard highway railroad crossing sign was located 794.7 feet north of the track. The accident took place at about 3:45 in the morning. The weather was cloudy but there was no fog and visibility was good. The front diesel engine was equipped with a whistle which could be heard for miles; and it was also equipped with two headlights, one of which shone straight ahead and the other oscillated its rays from side to side somewhat similar to the upper part of a horizontal figure "8". A person standing on the crossing or on the highway at any point within 240 feet north of the crossing has an unobstructed view of a train approaching from the east for a distance of approximately 2,000 feet. A person standing on the crossing at night or on the highway immediately north of the track can see the glow of the oscillating light on a diesel engine coming west from the time it leaves Norton. He can see the direct light beginning at a point about a mile east of the crossing. And from the time the engine reaches a point 2,000 feet east of the crossing and continuing until it reaches the crossing, he can look directly into both lights. Both headlights on the front engine were shining when the train left Norton and they continued to shine until the instant of the crash. The oscillating light was seen by persons at a point approximately ten miles west of the place of the accident. The whistle was blown several times as the train approached the crossing. The train was in an eighty-five mile zone of the railroad line and it was travelling at about sixty-five miles per hour. The brakes were applied three or four seconds before the collision. The engine struck the tank section of the motor transport. Part of the tank was thrown to the north of the track and part to the south. The motor section of the transport was thrown to the south of the track. Explosion and fire were instantaneous. The engineer and fireman in charge of the engine and the driver of the motor transport were killed. The bodies of the engineer and fireman were found in the cab of the engine and the body of the driver of the motor transport was found south of the track a short distance from the engine unit of the transport. When found, the engineer and fireman were each sitting in his seat in the cab leaning forward and outward. The throttle of the engine was in an idle position and the automatic brake valve was in full emergency position.

■ Plaintiffs assign error upon the action of the court in denying their motion for summary judgment. Under the Federal Rules of Civil Procedure, 28 U.S.C.A. summary judgment is authorized only where it affirmatively appears from the pleadings, depositions, admissions on file, and affidavits, if any, that except as to the amount of damages, there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Porter v. Jones, 10 Cir., 176 F.2d 87.

■■ Ordinarily, negligence is a question of fact and becomes a question of law only when reasonable men could draw only

904

one conclusion from the evidence viewed in its most favorable light. Oklahoma Natural Gas Co. v. McKee, 10 Cir., 121 F. 2d 583. The issue of negligence in the operation of the motor transport as the proximate cause of the collision was joined on the face of the pleadings, and the depositions and affidavits tendered in connection with the motion for summary judgment did not overcome or dissipate it. Accordingly, the motion was properly denied.

The contention which plaintiffs urge with emphasis is that the court should have submitted to the jury the question whether negligence on the part of the driver of the motor transport was the proximate cause of the collision. It is the general rule in the federal courts and in the courts of Kansas that on motion for a directed verdict, the evidence and the inferences that may properly be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed, and if the evidence and the inferences viewed in that manner are of such character that reasonable men in the exercise of fair and impartial judgment may reach different conclusions, the motion should be denied and the issue submitted to the jury. Allen v. Pennsylvania Railroad Co., 7 Cir., 120 F.2d 63; Baltimore v. Louisville & Nashville Railroad Co., 4 Cir., 146 F.2d 358; Great Atlantic & Pacific Tea Co. v. Robards, 4 Cir., 161 F.2d 929; Jones v. McCullough, 148 Kan. 561, 83 P.2d 669.

No eye witness to the accident testified at the trial. And under the law of Kansas the fact that a collision occurred and death or personal injuries or damage to property resulted, standing alone and without more, is not sufficient on which to predicate liability. Hendren v. Snyder, 143 Kan. 34, 53 P.2d 472; Crowe v. Moore, 144 Kan. 794, 62 P.2d 846. There must be substantial, competent evidence of defendant's negligence which was the proximate cause of the collision resulting in the death, injury, or damage, as the case may be. But like other facts, negligence may be proved by circumstantial evidence. Hendren v. Snyder, supra; Brown v. Clark, 152

Kan. 274, 103 P.2d 907; Miller v. Gabbert, 154 Kan. 260, 118 P.2d 523.

The testimony of eye witnesses is not essential to prove negligence. Evidence of physical facts and circumstances may be sufficient for that purpose. Sawhill v. Casualty Reciprocal Exchange, 152 Kan. 735, 107 P.2d 770. But where circumstances are relied upon to establish negligence, they must be of such nature and so related one to the other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established. Cornwell v. O'Connor, 134 Kan. 269, 5 P.2d 861; Hendren v. Snyder, supra; Miller v. Gabbert, supra; Goodloe v. Jo-Mar Dairies Co., 163 Kan. 611, 185 P.2d 158.

It is not within the province of the jury to indulge in mere speculation or conjecture in respect to the issue of negligence, and a verdict cannot be predicated on mere speculation or conjecture respecting that crucial question. Atchison, Topeka & Santa Fe Railway Co. v. Aderhold, 58 Kan. 293, 49 P. 83; Hart v. St. Louis & San Francisco Railroad Co., 80 Kan. 699, 102 P. 1101; Beeler v. Atchison, Topeka & Santa Fe Railway Co., 107 Kan. 522, 192 P. 741; Helm v. Hines, 109 Kan. 48, 196 P. 426, 198 P. 190; Whiteker v. Wichita Railroad & Light Co., 125 Kan. 683, 265 P. 1103; Hendren v. Snyder, supra. However, inferences of negligence may be based on circumstances, but the circumstances must be drawn from premises that are reasonably certain and point clearly to the negligence asserted. Rodgers v. Chicago, Rock Island & Pacific Railway Co., 97 Kan. 318, 154 P. 1027; Helm v. Hines, supra.

The Supreme Court of Kansas has held without deviation that ordinarily it will be presumed that a deceased person exercised reasonable care for his safety. The presumption rests upon the instinct of self preservation. Its source is the premise that the love of life common to all prompts a person to exercise such care as the circumstances permit to protect himself from injury or death. Chicago, Rock Island & Pacific Railway Co. v. Hinds, 56 Kan.

758, 44 P. 993; Kansas City-Leavenworth Railroad Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 64 L.R.A. 344; Eidson v. Chicago, Rock Island & Pacific Railway Co., 85 Kan. 329, 116 P. 485; Smith v. Bassett, 159 Kan. 128, 152 P.2d 794; Henderson v. National Mutual Casualty Co., 164 Kan. 109, 187 P.2d 508. And in the absence of convincing evidence to the contrary, it will be presumed that a person about to cross a railroad track both looked and listened before venturing to do so. Chicago, Rock Island & Pacific Railway Co. v. Hinds, supra; Kansas City-Leavenworth Railroad Co. v. Gallagher, supra. But the presumption is a rebuttable one which may be overcome by direct or circumstantial evidence sufficiently strong for that purpose. Cf. Sawhill v. Casualty Reciprocal Exchange, supra.

Negligence on the part of the driver of the motor transport as the proximate cause of the collision could not be based upon speculation, conjecture, or presumption. But plaintiffs' case was not cast in that mold. It was of a different pattern. Plaintiffs relied upon evidence tending to establish probative facts and circumstances as a basis from which the jury could draw the deduction that the driver of the motor transport was negligent and that his negligence was the proximate cause of the accident. And we think that the evidence did tend to establish probative facts and circumstances immediately preceding, attending, and following the collision from which the jury in the exercise of fair and impartial judgment could reasonably draw the deduction that the driver of the transport did not stop and look and listen for the approach of a train before venturing to go upon the railroad track, as required by chapter 8, section 566, 1947 Supplement, General Statutes of Kansas 1935; or that if he stopped and looked and listened, he failed to see and hear that which he should have seen and heard; or that he knew the train was approaching but ventured upon the track in front of it when the exercise of ordinary care required him to wait until it passed. And in order for the issue to be one for the jury under appropriate instructions of the court, it was not essential that the evidence be of such character as to establish a basis for the jury to determine with the definiteness of mathematical certainty between these reasonable inferences, as in either event the driver of the transport was negligent and his negligence was the cause of the accident. Evidence having been adduced tending to establish probative facts and circumstances from which the jury could draw the reasonable deduction that the driver of the motor transport was negligent and that his negligence was the proximate cause of the collision, the issue should have been submitted to the jury. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

Coming to the appeal of defendant, it is urged that the court erred in directing a verdict against defendant on the counterclaim. The general principles already stated in respect to the necessity of establishing negligence and the manner in which it may be established in a case where no eye witness to the accident testified have application and need not be repeated. In the absence of evidence to the contrary, it must be presumed that the engineer exercised due care in the operation of the train.

The negligence relied upon is excessive speed of the train. Attention is called to the evidence showing that the train was traveling at sixty-five miles per hour, and emphasis is placed upon the sworn statement of the master mechanic of plaintiffs that the crew of a westbound train at night have clear vision of the crossing for a distance of 800 to 1,000 feet before reaching it. It is said that the train reached the crossing about six seconds after the train crew had a clear vision of it; and that the operation of the train at that speed under the existing circumstances constituted negligence. No statute or effective regulation has been called to our attention limiting the speed at which trains may be operated in Kansas outside the limits of municipalities. And it is the settled law in that state that a high rate of speed of a train in an open country where no peculiar conditions exist which make

it dangerous, standing alone and without more, does not constitute actionable negligence. Atchison, Topeka & Santa Fe Railway Co. v. Hague, 54 Kan. 284, 38 P. 257, 45 Am.St.Rep. 278, disapproved on a different question, Chicago, Rock Island & Peoria Railway Co. v. Durand, 65 Kan. 380, 69 P. 356; Atchison, Topeka & Santa Fe Railway Co. v. Schriver, 80 Kan. 540, 103 P. 994, 24 L.R.A., N.S., 492; Land v. St. Louis & San Francisco Railroad Co., 95 Kan. 441, 148 P. 612; Bunton v. Atchison, Topeka & Santa Fe Railway Co., 100 Kan. 165, 163 P. 801.

That part of the judgment determining that plaintiffs take nothing on their complaint is reversed and the cause remanded; and that part determining that defendant take nothing on its counterclaim is affirmed.

HUXMAN, Circuit Judge, dissenting.

This case is unique in the annals of railroad crossing cases in Kansas as recorded in the decisions of the Supreme Court. It is unique in that there were no eye witnesses and no evidence either direct or circumstantial as to the manner in which the truck was being operated at the time of the collision. There were no survivors who saw, or who could testify as to the manner in which the truck was being operated immediately prior to and at the time of the collision. There are no physical facts or circumstances having probative value tending to show the manner in which the truck was operated. All the evidence we have is that the terrain was level; that the train was running approximately 65 miles per hour; that the head light was burning and could be seen a great distance down the track; and that a crossing accident occurred. It is from these facts and from these facts alone that we must find negligence on the part of the driver of the truck to enable the railroad company to recover.

The Kansas Supreme Court has consistently held when the question is the negligence of a deceased person in failing to exercise due care in crossing a railroad crossing that there exists a presumption that the deceased exercised due care, which makes a prima facie case of due care, which must be overcome by evidence on the part of one charging negligence or lack of due care on the part of the deceased. This rule was first announced by the Supreme Court in the early case of Chicago, Rock Island and Pacific Railroad Company v. Hinds, 56 Kan. 758, 44 P. 993, 994. That was a railroad crossing accident case in which a person lost his life. The trial court instructed the jury as follows: "I further instruct you that the burden of proof rests upon the defendant to prove that the deceased did not observe such precautions as were necessary in the exercise of ordinary care under the circumstances which surrounded him as he was approaching the crossing in controversy, and that the collision which resulted in his death was caused by his failure to exercise such ordinary care; * * *."

The Supreme Court approved this instruction, and stated: "It can never be presumed, in the absence of evidence, that a person fails to do that which people ordinarily do to avoid injury."

The doctrine was reaffirmed in the case of Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 470, 64 L.R.A. 344, where the court again said: "And in the absence of evidence to the contrary, it will be presumed that a person about to cross a railroad track both looked and listened before venturing to do so."

To the same effect, see also Sams v. Commercial Standard Ins. Co., 157 Kan. 278, 139 P.2d 859, and Smith v. Bassett, 159 Kan. 128, 152 P.2d 794, 798. In this latter case, after giving its adherence to this doctrine, the Kansas Supreme Court said that: "In view of this presumption and the lack of evidence to clearly overcome it as a matter of law we think the motion for a directed verdict was properly overruled."

In case number 3965, the Rock Island was the plaintiff. It charged Consumers Cooperative Association with negligence in driving its truck across a railroad crossing. In effect, it charged the driver with negligence in the operation of the truck in crossing the tracks. At the outset, the

Railroad Company was faced with the necessity of overcoming by evidence a prima facie case of due care on the part of the driver in operating the transport truck. The only question on this appeal is whether the Rock Island introduced probative evidence, direct or circumstantial, of sufficient weight, which, if believed by the jury, would overthrow the prima facie case of the exercise of due care by the driver of the truck.

As it was pointed out, it is conceded that the ground was level; that the train approaching the crossing with the headlight burning, which could be seen at a great distance; and that the train was traveling at a speed of approximately 65 miles per hour.

My associates are of the view that this constitutes sufficient evidence to take the question of due care on the driver's part to the jury. With this, I cannot agree. The legal presumption that the deceased driver exercised due care implies that he looked, saw the approaching train, and had sufficient time to cross otherwise there could be no presumption that he exercised due care in attempting to cross the tracks. To me it seems simple logic that the existence of facts which gives rise to a presumption that the deceased exercised due care in attempting to cross the tracks, standing alone, unsupported by other evidence, is insufficient to overcome the prima facie case arising from the presumption.

A review of the numerous cases cited by the appellant in Number 3965 clearly distinguishes them on the facts. None of them rested upon the presumption of the exercise of due care, and in none of them is this principle applied or discussed. Only a small number thereof were death cases and in all of them there was direct and positive evidence making a clear case of negligence on the part of the driver of the vehicle, or raising a substantial jury question. It would serve no useful purpose and would only unduly extend this opinion to analyze all these cases in detail. A few illustrations will suffice.

Thus, in Richards v. C. R. I. & P. Ry. Co., 157 Kan. 378, 139 P.2d 427, 429, the driver of the car testified. Among other testimony, he testified that: "I tried to beat it on across." And that had he looked to the south as he crossed the second track he could have seen the train in time to stop. There was other testimony by plaintiff's witnesses showing negligence.

In McCune v. Thompson, 147 Kan. 57, 75 P.2d 294, 295, there likewise was direct evidence showing negligence. It was in the light of this evidence that the Supreme Court said that: "If he attempts to cross without first making sure that he can safely do so, he is guilty of negligence."

But, in our case, the legal presumption is that he made sure that he could safely cross the tracks and there is no evidence that he negligently attempted to cross the tracks, nor is there any evidence which overcomes the effect of this legal presumption.

The Railroad Company's burden is quite different in those cases in which it is a defendant charged with negligence than in those cases in which it is a plaintiff charging negligence on the part of the defendant. Had the Railroad Company been sued by the personal representative of the deceased driver, under the undisputed facts of this case it seems to me that the court would have been required to instruct a verdict for the Railroad Company. The evidence clearly and unequivocally establishes, as a matter of law, that it was not negligent and that there is no disputed issue of fact for the jury to decide with respect to the Railroad Company's negligence. But can it be said that the evidence goes further and discharges the burden resting upon the Railroad Company, as plaintiff, by affirmatively showing not only that it was not negligent but also showing that there was negligence on the part of the driver. To me, the answer must be "no." The only argument that can be made to show negligence on the driver's part, from the admitted undisputed facts, is that since the train was clearly visible for a great distance, the accident would not have happened had the driver not been negligent. But that is a conclusion based upon mere speculation. It disregards the presumption of law that the driver did act prudently

and carefully, and is an inference not to be drawn from the evidence produced by the Railroad Company. Or let us suppose further that the case was submitted to the jury and it returns a verdict for the defendant. Upon what theory could such a verdict be based. The only possible theory could be that the truck stalled or broke down on the tracks without fault on the part of the driver. But again, such a conclusion is not a reasonable inference deductible from the evidence. It is based upon speculation and conjecture as to what occurred.

This case is much like the case of Hart v. St. Louis & San Francisco Ry. Co., 80 Kan. 699, 102 P. 1101. In that case there was no direct evidence as to how the injury occurred. There a passenger disappeared from a moving train. The door of the vestibule was found open. There was no evidence as to who left the door open. Plaintiff argued that the Railroad Company was negligent in leaving the door open, while the Railroad took the position that the passenger opened the door. The Supreme Court held that there were no facts to submit to the jury and that the jury would arrive at its conclusions only by speculation. The Supreme Court, in its opinion, said that to attempt to determine how the accident happened or what caused it could be arrived at only by mere conjecture, and only serves to show the extent to which speculation may run, where there are no facts by which it is guided or limited.

I think what the court said applies with equal force here. We are left to mere speculation and conjecture. We start with the presumption that the driver exercised due care in attempting to cross the tracks. It may be that he failed to do this but the Railroad Company did not, in my view, bear the heavy responsibility which rests upon it, as recognized by the majority, of meeting this burden by convincing evidence or evidence raising a disputed issue of fact. The undisputed facts lend themselves as readily to the conclusion that the accident would not have happened in view of the presumption, if the truck had not stalled upon the tracks, as they do the conclusion that it would not have happened if he in fact did look and say what was approaching. The jury could only speculate as to what occurred in the absence of any corroborating circumstances or fact tending to affirmatively establish negligence on the part of the driver.

I would affirm in both cases.