### METTLER v. PHOENIX ASSUR. CO., LTD., OF LONDON.

#### Civ. No. 12591.

United States District Court, E. D. New York.

Sept. 23, 1952.

Michael I. Winter, Brooklyn, for plaintiff. Sidney Braverman, Brooklyn, of counsel.

Hill, Rivkins & Middleton, New York City, for defendant. Gregory S. Rivkins, Joseph T. McGowan, New York City, of counsel.

GALSTON, District Judge.

This is a motion by the plaintiff for an order striking the answer of the defendant upon the ground that it is sham and frivolous, and for an order directing summary judgment in plaintiff's favor.

The complaint alleges that the plaintiff, as owner of a vessel named the Reinecke, in consideration of a premium paid to the defendant, received a policy of insurance from the defendant in the sum of $15,000 on the Reinecke, "against the perils of the sea and other perils in said policy mentioned". It also alleges that while the vessel was moored in New York Harbor, and while the policy was in force, "said vessel filled up with water and was caused to and did sink, and that such sinking was and is a peril of the sea, a risk assumed by the defendant under its said policy". In its answer, the defendant admits the allegation that the Reinecke sank, but otherwise "denies each and every allegation contained in paragraph of the complaint marked '5'".

It is fundamental, of course, that in order to recover it is necessary for the plaintiff to bring his claim for loss within the provisions of the policy. He seeks to establish that the loss was caused by one of the perils against which the vessel was insured by his allegation in paragraph 5 of the complaint that the sinking was caused by a peril of the sea. Since the defendant's answer denies this allegation, it follows that the issue of whether the sinking was caused by a "peril of the sea" is presented by the pleadings.

The plaintiff contends, however, that a general denial of the allegation of the complaint raises no genuine issue of a

material fact. He cites Engl v. Aetna Life Insurance Co., 2 Cir., 1943, 139 F.2d 469, as supporting this contention. In that case, plaintiff brought action as beneficiary of three insurance policies with the defendant insurer upon the life of her deceased husband, for payment of the proceeds thereof. In its answer the defendant alleged as a defense that the insured had misrepresented facts as to consultations he had had with physicians. Upon its motion for summary judgment, the defendant submitted depositions of two doctors showing that the insured had consulted them several times and had X-rays taken in 1940, whereas the insured had stated in his application that the last time he had consulted a physician was in 1929. The defendant also showed that it had been prevented from finding out the reasons for and the nature of the consultations, since the plaintiff had claimed her statutory privilege that these were confidential communications. It also submitted an affidavit of its associate medical director stating that he would not have approved the deceased's application had he known of these consultations and the taking of the X-ray photographs. In opposition to the motion, the only affidavit submitted by the plaintiff was her own in which she stated that the examinations and X-rays were only routine medical check-ups. The court upheld the order of the district court granting summary judgment to the defendant on the ground that the plaintiff had prevented full disclosure; that the statutory presumption (where full disclosure of the nature of the medical impairment is prevented, the misrepresentation made will be presumed to have been material) operated, and that the plaintiff's affidavit was not enough to explain the visits to and the X-rays of the physicians.

It will be noted that in the Engl case, the defendant submitted depositions and affidavits containing facts supporting the allegations in its pleadings, whereas, according to the court, the plaintiff's affidavit contained no facts to the contrary. Thus, it was held that no genuine issue of material fact existed and that general denials or general allegations were insufficient to prevent an award of summary judgment.

In the case at bar, the affidavits submitted by the plaintiff in support of his motion fail to disclose any facts as to the cause of the sinking. The plaintiff's own affidavit consists, in large part, of a discussion of the pleadings and of the steps taken by him subsequent to the sinking for the purpose of filing a claim for recovery under the insurance policy. The affidavit discloses that the plaintiff was not present when the sinking occurred. The affidavit also refers to a letter written by the plaintiff to his brokers, and avers that: "I (plaintiff) stated in this letter what I believed to be the cause of the sinking." Assuming that the letter, which is attached to the affidavit, may be considered on this motion, all it says in respect to the cause of the sinking is the following:

"Cause of sinking, found to be holed port bow, garboard plank and first and second planks above same."

The only other affidavit submitted by the plaintiff is that of John Witte, the president of a corporation that occupied the place adjacent to that at which the Reinecke was moored at the time of the sinking. The affidavit is confined to refuting any claim that the vessel was moored at a "foul berth".

The only indication that the sinking was the result of a risk insured under the policy in question is the allegation contained in the complaint that it was due to a peril of the sea. It is one thing to say, as in the Engl case, that a general denial or general allegation will not prevent the award of summary judgment where affidavits disclose facts supporting the application. It is, however, an entirely different proposition to contend, as the plaintiff does here, that general denials should be disregarded where the only basis for the plaintiff's claim is that contained in general allegations of his complaint, unsupported by any facts shown by affidavits or depositions. In short, there is a distinction between a rule that formal issues presented by the pleadings are not controlling where affidavits and other matters

presented by the parties disclose the absence of any genuine issue of a material fact, and a right to ignore the formal issues presented by the pleadings where affidavits presented fail to resolve these issues. In the latter situation, the issues raised on the pleadings must be given proper consideration. See, e.g., Chicago, R. I. & P. R. Co. v. Consumers Co-op. Ass'n, 10 Cir., 180 F. 2d 900, certiorari denied 340 U.S. 813, 71 S.Ct. 42, 95 L.Ed. 598, where issue of negligence was joined on the face of the pleadings, and depositions and affidavits tendered in connection with the plaintiff's motion for summary judgment did not resolve this issue, held motion was properly denied.

Aside from its logical inconsistency, the plaintiff's contention is contrary to the rule that the moving party has the burden of showing there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law. Miller v. National City Bank of New York, D.C., 69 F.Supp. 187, affirmed 2 Cir., 166 F.2d 723. The burden of making a prima facie showing, therefore, is on the plaintiff here as the moving party.

The motion is denied. Settle order.